Appellant appeals from an order transferring his case from the juvenile division to the criminal division of the Montgomery County Circuit Court and from a finding that probable cause exists to believe that the allegations against him are true. We affirm.
On December 1, 1976, Don O. Barron, a Montgomery resident was shot in the head at his home. On December 2, 1976, appellant, Stephen Derrick Vincent, who was 17 years old at that time, was arrested and placed in detention in the Montgomery County Youth Facility under a delinquency petition charging him with robbery and assault with intent to murder. On the day of his arrest, an officer advised him of his right to an attorney, but he waived that right and gave an oral statement. Barron died on January 11, 1977. Thereafter, the petition against appellant was amended from assault with intent to murder to first degree murder and robbery. A hearing was held on February 10, 1977, before Judge John W. Davis, Circuit Judge, 15th Judicial Circuit, Juvenile Division, Montgomery County, on motion of the District Attorney to transfer appellant (who had then attained eighteen years of age) to the criminal division of the Montgomery County Circuit Court to be dealt with as an adult. Upon completion of some three hours of testimony, including,inter alia, the statements made by appellant to the officer and the testimony of an accomplice, Judge Davis entered an "Order of Transfer," holding that appellant should be transferred to the criminal division of Montgomery County Circuit Court and that probable cause existed to believe that the allegations are true and correct.
Appellant contends for reversal: (1) that the statements he made to the police officer *Page 1146 
on December 2, 1976, and the information derived therefrom, were inadmissible by virtue of Miranda[1] and § 5-125, Act 1205, Acts of Legislature 1975, vol. IV, p. 2384 (Tit. 13(a) § 5-125, 1975 Interim Supplement to 1958 Recompiled Code)[2] and, (2) that had these statements been excluded, then the uncorroborated testimony of his accomplice, incriminating him, would have been insufficient for a finding of probable cause under Tit. 15, § 306, Code of 1940. Since a decision on the second issue is dispositive of this appeal, we need not address the first issue.
It has long been recognized that the strict rules of evidence do not apply in a probable cause hearing. In Armstrong v.State, 294 Ala. 100, 312 So.2d 620 (1975), we noted:
 "The United States Supreme Court, in several very recent decisions, has written that there is a great difference between the rules governing probable cause hearings . . . and those governing the trial itself.
 "`* * * it should be recalled that the rules of evidence normally applicable in criminal trials do not operate with full force at [probable cause] hearings . . . . In Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) . . . [t]he Court . . . distinguished between the rules applicable to proceedings to determine probable cause for arrest and search and those governing the criminal trial itself — "There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.'"
 ". . . That certain evidence was admitted in preliminary proceedings but excluded at the trial — and the Court thought both rulings proper — was thought merely to `illustrate the difference in standards and latitude allowed in passing upon the distinct issues of probable cause and guilt.' Id., at 174, 69 S.Ct. 1302." (Footnotes omitted.)
United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988,39 L.Ed.2d 242 (1974).
In Armstrong, a majority of this Court held that our statute, Tit. 15, § 307, Code of 1940, providing that a conviction of felony cannot be had on the uncorroborated testimony of an accomplice, does not apply to probation revocation hearings.
In view of these authorities, we hold that Tit. 15, § 307, is inapplicable to "probable cause" hearings on motion to transfer a juvenile to the criminal division of circuit court there to be dealt with as an adult.
After all, the United States Supreme Court itself has said that no more precise definition of probable cause can be attempted than that coined by Mr. Chief Justice Taft in Carrollv. United States, 267 U.S. 132 at 161, 45 S.Ct. 280,69 L.Ed. 543 (1925), "facts and circumstances . . . such as warrant a man of reasonable prudence and caution in believing that the offense has been committed," and that the person in question is the offender. United States v. Watson, 423 U.S. 411,96 S.Ct. 820, 46 L.Ed.2d 598 (1976).
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and EMBRY, JJ., concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966)
[2] "§ 5-125. Use of statements of children, etc., during custody, preliminary inquiries, predisposition studies, etc., prior to determination of allegations of petition in delinquency or in need of supervision cases or prior to conviction in criminal proceedings. — Unless advised by counsel, the statements of a child or other information or evidence derived directly or indirectly from such statements made while in custody to police or law enforcement officers or made to the prosecutor or probation officer, during the process of the case, including statements made during a preliminary inquiry, predisposition study, informal adjustment, or consent decree, shall not be used prior to a determination of the petition's allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction. (1975, No. 1205, § 5-125, appvd. Oct. 10, 1975.)" *Page 1147