The appellant in this case was fifteen years of age at the time of the alleged robbery of Ms. Geneva Boyd on August 5, 1977. The grand jury of Madison County returned the indictment of the appellant on October 25, 1977. The appellant's case was transferred to the Madison County Juvenile Court on December 6, 1977. The appellant was declared incorrigible on February 28, 1978, by that court. The case was then re-transferred to the Circuit Court. The appellant was tried on April 17, 1978, as an adult, his application for youthful offender status pursuant to Section 15-19-1, Code of Alabama 1975, having been denied on November 7, 1977. The jury found the appellant guilty of the offense of robbery and fixed punishment at twenty years imprisonment.
At trial the appellant's signed confession was admitted into evidence over the objection of the appellant's counsel. The controlling issue to be determined on this appeal is whethervel non it was reversible error to admit the appellant's confession into evidence.
After careful examination of the entire record, we conclude, for the reasons stated below, that the confession was erroneously admitted and reverse and remand this case for a new trial.
 I
Pursuant to a resolution of the Supreme Court of Alabama, dated December 1, 1975, the provisions of Act No. 1205, Acts of Alabama 1975, became effective on January 16, 1977. This act, known as "The Judicial Article Implementation Act," contains a provision now codified as Section 12-15-67, Code of Alabama 1975, which provides:
 "Use of statements of children, etc., during custody, preliminary inquiries, predisposition studies, etc., prior to determination of allegations of petition in delinquency or in need of supervision cases or prior to conviction in criminal proceedings. *Page 1201 
 "Unless advised by counsel, the statements of a child or other information or evidence derived directly or indirectly from such statements made while in custody to police or law enforcement officers or made to the prosecutor or probation officer during the process of the case, including statements made during a preliminary inquiry, predisposition study, informal adjustment or consent decree, shall not be used prior to a determination of the petition's allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction. (Acts 1975, No. 1205, § 5-125.)
The appellant's confession was obtained on August 9, 1977 (R. p. 107). In applying the above quoted statute, we note that the appellant was legally a child at the time his confession was obtained within the meaning of Section 12-15-1 (3), Code of Alabama 1975. The record reveals that the appellant did not have counsel present at the time his confession was obtained (R. p. 109). This was the ground of defense counsel's objection at trial which objection was overruled (R. p. 121).
Therefore, error to reversal occurred in admitting the appellant's confession into evidence under Section 12-15-67, Code of Alabama 1975. It is irrelevant that the appellant's confession was voluntarily made if he did not have counsel present at the time. Similarly, the applicability of the above quoted statute is not affected by the court's denial of an application for youthful offender status or by a determination of incorrigibility by the juvenile court.
Therefore, for the reasons stated, this case is due to be and is hereby reversed and remanded for a new trial.[1]
REVERSED AND REMANDED.
All the Judges concur.
HARRIS, P.J., concurs in result only.
[1] Cf. Parker v. State, Ala.Cr.App. (1977), 351 So.2d 927, cert. quashed, Ala., 351 So.2d 938; and Myles v. State, Ala.Cr.App. (1977), 354 So.2d 842.
 *Page 64