BLOODWORTH, Justice.
This is an appeal by a juvenile from an order transferring his case from the Juvenile Court of Baldwin County to the Circuit Court for criminal prosecution as an adult. We affirm.
On June 16, 1978, appellant, Darrell Bernard Walker, then 17 years old, was arrested upon a delinquency petition charging him with first degree murder in the death of Charles Phillips who was shot with a pistol. On June 22, 1978, counsel was appointed to represent him. The following day the attorney filed a motion to have appellant released from custody. The motion for release was denied after a hearing on June 26, 1978. A hearing was held on June 28, 1978, before Judge Phyllis S. Nes-bit, Juvenile Court Judge, Baldwin County, on motion of the District Attorney to transfer appellant to the Baldwin County Circuit Court for criminal prosecution. On June 30, 1978, two days after completion of the testimony, Judge Nesbit entered an “Order of Transfer” holding that appellant should be transferred to the Baldwin County Circuit Court and that probable cause existed to believe the allegations were true and correct.
The record includes the testimony of Betty Rockstall, Juvenile Probation Officer, *669 and her report which was made after a background investigation of appellant. Ms. Rockstall concluded that the best interest of the child and the community would be served by transfer of the case to circuit court. In addition, the record shows that statements had been made by the appellant’s two accomplices, one of whom implicated appellant in the crime, stating that appellant fired the fatal shot. Moreover, the record discloses that a weapon, believed to have been stolen by appellant from relatives, was the same type weapon used in the murder. Furthermore, a vehicle seen at the scene of the crime was similar to a car in which an accomplice had seen appellant.
The state has filed a motion to dismiss the appeal as “premature” under Rule 28(B), A.R.J.P. Under Rule 28(A)(1), A.R. J.P., an appeal from an order transferring a child for criminal prosecution shall be to the appropriate appellate court “if an adequate record or stipulation of facts is available and the right to a jury trial has been granted to or waived by all parties entitled thereto.” There is an adequate record in this case and the “comment” states that the “right to a jury trial in this rule applies to cases arising from jurisdiction of minors or adults as provided in Section 5-109, Act No. 1205, Acts of Alabama, 1975 Regular Session,” [now § 12-15-31, Code of 1975]. The appeal was properly made pursuant to Rule 28(A)(1), A.R.J.P., and is not subject to the motion to dismiss.
Appellant contends for reversal: (1) that there was no probable cause for the Baldwin County Juvenile Court to find that appellant committed the offense and, (2) that the uncorroborated statements of accomplices are insufficient for a finding of probable cause, citing § 12-21-222, Code of 1975.[1]
That some of the testimony presented at the transfer hearing was hearsay does not preclude a finding of probable cause. The strict rules of evidence do not apply in a probable cause hearing. We expressly so held in the recent juvenile transfer case of Vincent v. State, 349 So.2d 1145 (Ala.1977):
“It has long been recognized that the strict rules of evidence do not apply in a probable cause hearing. In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), we noted:
“ ‘The United States Supreme Court, in several very recent decisions, has written that there is a great difference between the rules governing probable cause hearings . . . and those governing the trial itself.’ ”
The provisions of § 12-21 — 222, Code of Alabama, have been expressly held to be inapplicable to probable cause hearings on motion to transfer juveniles to the criminal division of the circuit court, there to be dealt with as adults. Thus, uncorroborated testimony of an accomplice of defendant in a transfer hearing is not in itself an insufficient basis for a finding of probable cause to believe the allegations against appellant are true. Vincent v. State, 349 So.2d 1145 (Ala.1977).
We have read the record and think there is a sufficient showing of probable cause so as to authorize the transfer of appellant to circuit court for trial as an adult.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. “A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”