This is an appeal by a juvenile from an order transferring his case from the Juvenile Court of St. Clair County to the Circuit Court for criminal prosecution as an adult. A record of the proceedings having been made in the Juvenile Court, the appeal is properly before us under Rule 28 (A)(1), ARJP. Walkerv. State, 365 So.2d 668 (Ala. 1978).
On or about June 24, 1978, 12:10 a.m., the body of seven-year-old Terrie Elizabeth Beasley was found in a wooded area of Pell City, in the southern division of St. Clair County, Alabama. The body was covered with pine straw, with spots of blood all around the immediate area. A five or six-inch pole was lying across her neck. A gash about an inch long was located in the forehead region of the child's face. Her neck was bruised and appeared to have fingerprints on the neck. Coroner Jimmy Davis determined that the child was dead.
Clemons Roe, Sheriff of St. Clair County, arrived at the Police Department, City Hall of Pell City, around 1:00 a.m. on the morning of June 24, 1978. Sheriff Roe had been at the scene where the body was found, investigating the incident.
Upon his arrival, Sheriff Roe met the defendant and defendant's mother and stepfather, Mr. and Mrs. James Saxon. Defendant's mother told Sheriff Roe that she had something she wanted to tell him. One of her other sons had told Mrs. Saxon that the defendant had smashed somebody's face in during a fight which was the reason for blood being all over defendant's clothes. Mrs. Saxon washed these clothes. After hearing on the scanner that the girl was missing, Mrs. Saxon talked with her son, then brought him down to City Hall. At this point, Sheriff Roe broke off the conversation until the district attorney and investigators could arrive. Defendant made no statements during this time.
Sheriff Roe read the Miranda warnings from a card to the defendant and his parents as soon as they began telling him of the event. He asked them if they understood their rights, and having those rights in mind, did they wish to still talk to him. Defendant and his mother both answered "yes," and waived their right to have an attorney present.
The defendant stated that he saw the girl at a store and she got on the back of the bike and rode with him to the wooded area. He got off the bike and carried the girl into the woods. He said he did not remember how he got blood on his clothes, but remembered choking the girl and dropping her. He then picked her up and carried her to a different location. She was still struggling at this time. He then covered her with straw.
The defendant was arrested the next morning and charged with first degree murder. The state filed a petition requesting transfer and certification of the defendant to the circuit court for trial as an adult. The court appointed counsel for the defendant and held a hearing on the state's petition for certification of the defendant. At the conclusion of the hearing, the court ordered the defendant transferred to the circuit court for trial as an adult. He appealed. *Page 420 
The defendant first argues that the evidence was insufficient to sustain the court's order transferring him to the circuit court.
The trial court correctly held that a transfer or certification hearing is not for the determination of the guilt or innocence of the defendant, but is in the nature of a preliminary hearing to determine whether there is probable cause "for believing that the allegations are true and correct." Code 1975, § 12-15-34. Factors which are to be considered in making that determination are also set out in Act No. 1205, Acts of Alabama 1975. Code 1975, § 12-15-34 (d), lists them as follows:
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
There is ample evidence to support the trial court's finding that there was probable cause for believing that the allegations are true and correct. The trial court set forth in writing those reasons as prescribed by the statute. Code 1975, § 12-15-35 (f). In Brown v. State, 353 So.2d 1384 (Ala. 1977), we set forth the standards to be applied in a transfer hearing, and stated that such hearings are in the nature of probable cause hearings. The guidelines were followed in this case.
The defendant next argues that reversible error occurred because the trial court received in evidence, over objection, the confession made by the defendant. He argues that the statement was made while he was in custody; and, because no attorney was present, the confession is inadmissible.
The defendant argues that it was error to admit the sheriff to testify about his confession, because the accused did not have an attorney present when he made the statement. Code 1975, § 12-15-66 (b), provides in part:
 "An extrajudicial statement which would be constitutionally inadmissible in a criminal proceeding shall not be received in evidence over objection . . ."
And, Code 1975, § 12-15-67, also provides:
 "Unless advised by counsel, the statements of a child . . . made while in custody to police or law enforcement officers . . . shall not be used prior to a determination of the petition's allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction."
The Court of Criminal Appeals held in Watts v. State,361 So.2d 1200 (Ala.Cr.App. 1978), that although the confession of a child was voluntary, it is inadmissible in a criminalprosecution under the above statutes, if he did not have counsel present. It has also held, however, that such voluntary confessions may be used in a transfer proceeding even though no attorney was present to advise the child. Lippold v. State,365 So.2d 1015 (Ala.Cr.App. 1978), cert. denied 365 So.2d 1022
(Ala. 1978).
We find no fault with these holdings. We have repeatedly held that transfer hearings are in the nature of probable cause hearings and that being so, the strict rules of evidence do not apply. Vincent v. State, 349 So.2d 1145 (Ala. 1977); Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975). This is so because the guilt or innocence of the defendant in a probable cause hearing is not at issue. Thus, greater latitude is permitted in admitting evidence which would be inadmissible in a criminal prosecution to determine guilt or innocence.
In Armstrong, supra, a majority of this court held that, in a probation revocation hearing, the uncorroborated testimony of an accomplice was admissible, although Title 15, § 307, Code 1940 (now Code 1975, § 12-21-222), would preclude its admission in a criminal trial. Armstrong was *Page 421 
relied on in Vincent, supra, which pretermitted the question now posed in this case. We hold that a voluntary confession of a defendant is admissible in a transfer proceeding, although no attorney was present at the time the confession was made. By virtue of the provisions of § 12-15-67, supra, such statements may not be used in the criminal proceeding on the issue of guilt or innocence. But, that is not the case before us. The holding here is limited to the admissibility of such statements in transfer proceedings, which is all that is before us.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.