HARRIS, Presiding Judge.
Appellant was convicted of robbery and sentenced to fifty years in the penitentiary. He was represented by court-appointed counsel and at arraignment pleaded not guilty and not guilty by reason of insanity. Prior to trial appellant withdrew his special plea of not guilty by reason of insanity. After sentence was imposed appellant gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent appellant on this, appeal.
The evidence presented by the State made out a clear case of robbery. There was no motion to exclude the State’s evidence and no request for the affirmative charge. There was a motion for a new trial questioning the sufficiency of the evidence among other issues pertaining to rulings of the trial court. No testimony was adduced at this hearing and the motion was overruled and denied.
On November 27, 1978, Robert Alley was employed by the Cedars Truck Stop located approximately six miles from Opelika, Lee County, Alabama, on Highway 280 and 431 between Opelika and Columbus, Georgia. A cafe and service station were joined together in one building. The service station had plate glass windows all around the building, and there was a door leading into the cafe from the station.
Around 4 o’clock in the afternoon of November 27,1978, Robert Alley saw two men standing inside the service station while he *1153 was servicing an automobile at the gasoline pumps. These two men appeared to be whispering to each other. One of the two men was later identified as the appellant. When Mr. Alley entered the service station to ring up the sale of the gasoline he had just sold in the cash register the men went through the door into the cafe. While Mr. Alley was still putting money in the cash register appellant returned and pulled a pistol demanding money. Mr. Alley gave him all the currency from the cash register. Appellant then walked out and got in an automobile which was parked about four feet from the service station, and the car sped away. Mr. Alley got a good description of the automobile and the tag number. He entered the cafe and told the waitress about the robbery and called the local office of the State Troopers giving them a description of the car and the tag number. He told the officers that the car was white over blue and had a Florida tag number with the letters “DSE” before the numbers. Someone interrupted him while he was talking to the Trooper’s Office and he gave them the wrong number.
State Trooper Charles R. Minor, testified that on the day of the robbery he was between Opelika and Phenix City. He was on duty in a marked patrol car and was in uniform. He received a radio dispatch concerning the robbery at Cedars Truck Stop which described the vehicle involved and that it was headed toward Phenix City. Trooper Minor drove to Opelika and met the suspect automobile in a line of traffic and he turned around and got behind the suspect car. He pursued the car for some distance and finally turned on his blue light but the car kept going. He then turned on his siren but the car did not slow down for a good distance. It finally pulled off on the side of the road.
The trooper saw the heads of three men in the stopped car and he ordered the occupants of the car to get out and put their hands on top of the car. A few seconds later the driver got out and put his hands on top of the car. The officer then ordered the other two men to get out and they came out of the passenger side of the car. Appellant was the last of the trio to exit the automobile and he came toward the rear of the car in a crouched position, dropped to his knees, and fired a pistol at the trooper. The trooper attempted to return the fire but his gun misfired and appellant started running from the car into an open field. Trooper Minor fired at the fleeing felon again and this shot hit appellant and he fell. The trooper radioed his post, related what had transpired, and called for an ambulance and a backup unit. He then patted down the other two men and put handcuffs on them. He found a wad of money in the front pocket of one suspect. Upon searching the car for other weapons he did not find any nor did he find any whiskey bottles or beer cans. With the help of a man living nearby they walked into the field and picked up appellant and walked him back to the patrol car and laid him on the side of the road to wait for the arrival of the ambulance. He did not smell the odor of alcohol on appellant nor did he smell the odor of alcohol on the other two men that he apprehended and handcuffed.
Kenneth R. McCall, who lived nearby, testified that he observed the suspect car pull over in response to the trooper's siren, get out and put his hands on top of the car. He also saw the door on the passenger side open and the occupant who got out fire a shot in the direction of the State Trooper and then start running across the field. He identified the person who shot at the trooper as the appellant.
The ambulance arrived and transported appellant to the Lee County Hospital for treatment of the gunshot wound he received when he was shot in trying to escape from the State Trooper.
Appellant testified that Doyle Fricks, Mark Kuzenska,[1] and he had been steadily and constantly drinking since the morning *1154 of November 27, 1978 (the day of the robbery). Appellant stated that he remembered stopping at a truck stop and Mark Kuzenska telling him to rob the man in the store and if they got arrested and appellant said anything to get Kuzenska hurt or put away, he would kill appellant; that the next thing he recalled was waking up in the hospital. He also remembered hearing a shot and finding himself lying in the middle of a field. Appellant said he was intoxicated when he arrived at the truck stop and did not ever form a judgment as to whether it was right or wrong to rob the truck stop. However, appellant admitted that he was not under the influence of alcohol right after he was shot. He also testified that he was 17 years of age at the time of the robbery.
On cross-examination appellant stated that he remembered Kuzenska telling him to shoot the State Trooper. He further said that he recalled Captain Abbett reading him the waiver of rights form and also reading it himself. He said he told Captain Abbett that he wanted to speak to an attorney.
Captain Nick Abbett testified that he interviewed appellant at the Lee County Hospital on the evening of November 28, 1978, and that before he asked him any questions he advised him of his constitutional rights by reading him his Miranda rights and warnings. He asked appellant if he understood his rights and he responded affirmatively and stated that he could read and write. Captain Abbett and appellant both read the waiver of rights form. Captain Abbett asked appellant if he wanted to make a statement and at first appellant said he wanted an attorney. Captain Ab-bett started to leave the room and appellant called him back and stated he had changed his mind and was willing to make a statement. No one offered appellant any reward or the hope of any reward, no promises were made to him, and he was not threatened or coerced in any manner to induce him to make a statement. Captain Abbett reduced to writing appellant’s oral statement and appellant read and signed each page of the confessory statement.
A hearing was held out of the presence and hearing of the jury to determine if the confession was freely, knowingly and voluntarily made. The confession was ruled to be voluntarily and freely made without promises, threats, coercion or other inducements.
On further cross-examination appellant testified that he told Captain Abbett what happened and Captain Abbett wrote it down; that he read the written statement and found it to be correct and he voluntarily signed the statement.
Back before the jury the State laid the proper predicate and the confessory statement was admitted into evidence. It should be noted that according to the signed statement, Fricks, Kuzenska and appellant were on their way to Florida and were short of money, so they planned to rob a store just before they crossed the Alabama state line. Appellant admitted that the statement which he gave Captain Abbett is silent about the trio being drunk or that he was threatened by Kuzenska at any time.
The statement follows:
“OPELIKA POLICE DEPARTMENT
OPELIKA, ALABAMA
“Date 11/28/78
“Time 6:32 PM
“Location Lee County Hospital Room 109
“I, Jeffrey Alan Medler, age 17, born 5/22/1961 at Pontiac, Illinois. I now reside at Rt # 1 Box 228C Half Mile Rd, Del Ray Beach Florida. I went to the 7th grade in school and I can read and write. I have been advised of all my rights by Lt. Nick Abbett (now Captain) and I understand them. I do voluntarily make the following statement to Lt. Nick Ab-bett and Lt. Fred Davis whom I know to be police officers for the City of Opelika, Alabama. I have been advised of the charge of Robbery and Assault on a Police Officer with a Deadly Weapon against me.
“Yesterday 11-27-78 myself and Doyle Wayne Fricks, and Mark Kuzenska left Falkville, Alabama, enroute back to Palm *1155 Beach, Florida. The fan belt broke on the car we were in near Cahaba Heights. We paid $5.00 and something to get the belt fixed. We were short of money to travel back to Florida so we talked about robbing a store. All three of us talked about robbing a store. We wanted to get enough money to get all the way back and the only way we could do it was robbing a store. We had planned to rob a store just before we crossed the Alabama, Georgia State line. We stopped at a truck stop and restaurant near a town that I now know is Opelika, Alabama. Mark Kuzenska had brought a pistol with us on the trip. It was a .357 magnum, six shot revolver. You had to pull back the hammer each time you shot. The pistol was in a tape case in the back seat. I took the pistol and put it in the front of pants under my shirt. Mark Kuzenska told me when he said cigarettes to hold the guy up. Doyle Wayne Fricks was driving the car and he stayed with the car. Mark and I went into the service station part of the truck stop. Mark Kuzenska asked the attendant, ‘Could I have change for cigarettes.’ The attendant I assume gave him change because at that time I turned away so he wouldn’t see me pull out the gun. Mark had walked into the restaurant. I laid the barrel of the gun on the counter pointed at the man. I said, ‘give me the money.’ He raised his hands and got up from a sitting position and opened the cash register. He took all the bills out of the cash register and gave them to me.
“I turned and ran out. Mark was watching the robbery and he ran out ahead of me. We jumped into the car and told Doyle Fricks to, ‘get out of here,’ ‘hurry’. Doyle Fricks left out pretty fast. I handed all the money I got in the robbery to Mark Kuzenska and he was counting it. I think he already had $28.00 of his own money. We were going pretty fast and we met a state trooper. The trooper turned around on us and followed us for about half a mile. Then he turned on his blue light. Mark Kuzenska told Doyle Fricks to get out like nothing happened. Doyle got out then the Trooper told us all to get out. Right before he told us to get out of the car Mark Kuzenska said to me, ‘When you get out shoot the police officer.’ Mark was sitting in the front passenger seat and I was in back. Mark got out and then I got out and put the gun up over the car and took a shot at the Trooper. Then I just started running. I don’t know what I did with the gun. I guess I dropped it. Then I got shot. After I got shot the Trooper told me to stay where I was at and I just put my hands up. Then two guys came and carried me back to the road. Then the next I remember is being put into an ambulance. I have read the preceding statement of three and one half pages and it is true and correct to the best of my knowledge.
“Signed: Jeffrey Alan Medler
“Witness: Nick Abbett
“Witness: Fred Davis”
Pursuant to the provision of Section 12-15-34, et seq., Code of 1975, the District Attorney filed a motion in the Juvenile Court of Lee County to have appellant transferred from that court to the Circuit Court of Lee County for criminal prosecution.
The Juvenile Court set a hearing on this motion and after a hearing thereof the following order of transfer was made and entered in this case:
“In The Matter Of: JEFFREY ALAN MEDLER
(Juvenile Case) A child under eighteen years of age.
“On the 28th day of November, 1978, the State of Alabama, by and through its District Attorney, Honorable Ronald L. Myers, filed its Motion to Transfer these proceedings from the Juvenile Court of Lee County, Alabama, for criminal prosecution under the provisions of Title 12, Chapter 15, Section 34, 1975 Code of Alabama.
“By Order of this Court dated November 28,1978, Honorable H. Keith Pitts, attorney of Auburn, Alabama, was appointed to represent the child in these proceedings. Thereafter, the said Motion of the *1156 State of Alabama was set for hearing on today, November 30, 1978, at 11:00 A.M. in Room 204 of the Lee County Courthouse in Opelika, Alabama.
“When the Motion was called for hearing on this day, there appeared the child, Jeffrey Alan Medler, together with his attorney, Honorable H. Keith Pitts; and the following individuals: Honorable Ronald L. Myers, District Attorney, 37th Judicial Circuit, Lee County, Alabama; Lieutenant Nick Abbett, Opelika Police Department, Petitioner; Trooper C. R. Minor and Lieutenant E. J. Gosdin, Alabama State Troopers, witnesses; and Mrs. Karen B. Trussell, Probation Officer with the Lee County Juvenile Court. “Honorable H. Keith Pitts, Attorney for said child, filed a Motion to Dismiss Petitions in open Court, and on consideration of the same, said Motion was denied. “The witnesses were duly sworn and testimony was taken ore tenus before the Court.
“As part of the evidence submitted at said hearing, there was introduced into evidence a report submitted by Patricia S. Hillery, Youth Counselor, Division of Youth Services, State of Florida (State’s Exhibit I, consisting of ten (10) pages). “The Court has carefully considered the evidence in this case, including the aforesaid State’s Exhibit I, and it is the opinion of the Court, and the Court so finds, that it is in the best interest of the public that the Motion of the District Attorney be granted. The Court further finds that there are no reasonable grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill. The Court further finds that there is probable cause for believing that the allegations of the Petitions in these cases are true and correct and that the child should be transferred for criminal prosecution for the following reasons: Extent and nature of child’s pri- or delinquency record, results of past treatment of the child and the child’s response thereto, the extent and nature of the child’s physical and mental maturity, and the interest of the community.
“It is therefore ORDERED and ADJUDGED by the Court as follows:
“(1) That the Motion to Transfer filed by the District Attorney on November 28, 1978, be and the same is hereby granted, and these cases are hereby transferred to the Circuit Court of Lee County, Alabama, for criminal prosecution.
“(2) That the Juvenile Probation Officers of this County are hereby directed to deliver the child to the Lee County Jail there to be held in custody by the Sheriff of Lee County, Alabama, for trial, until and unless he makes a good and sufficient bond with good and sufficient sureties in the amount of $5,000.00 in Case Number JU 78 0543 and the amount of $10,000.00 in Case Number JU 78 0544, returnable to the next term of the Circuit Court of Lee County, Alabama.
“(3) That a copy of this Order be mailed by the Clerk of this Court, postage prepaid, or by the due process of this Court, to the following:
Jeffery Alan Medler
C/O Lee County Jail
Lee County Courthouse
Opelika, Alabama 36801
Mrs. Peggy Medler
Route 1, Box 288-C, Half Mile Road
Del Ray Beach, Florida 33444
Honorable H. Keith Pitts
Attorney at Law
Post Office Box 709
Auburn, Alabama 36830
Honorable Ronald L. Myers
District Attorney
37th Judicial Circuit
Lee County Courthouse
Ms. Patricia S. Hillery
Youth Counselor
Division of Youth Services
Palm Beach County
2300 North Seacrest Boulevard
Delray, Florida 33444
“DONE, this the 30th day of November, 1978.
/s/ James Noel Baker
JAMES NOEL BAKER, JUDGE”
*1157 In brief, appellant contends that the Juvenile Court was in error in transferring this case to the Circuit Court of Lee County for criminal prosecution. We do not agree.
In Winstead v. State, 371 So.2d 418, Ala., the Supreme Court held that a juvenile transfer or certification hearing is not for determination of guilt or innocence of the juvenile, but is in the nature of a preliminary hearing to determining whether there is probable cause for believing that the allegations are true and correct. Code of Alabama, 1975, Section 12-15-34.
Appellant, in brief, states, “There is no dispute raised on this appeal as to a lack of probable cause at the hearing,” (hearing to transfer).
In Winstead, supra, the court held that strict rules of evidence do not apply in a juvenile transfer hearing.
We hold there was ample evidence to sustain the order transferring the juvenile to the Circuit Court for criminal prosecution as an adult for robbery and shooting at a law enforcement officer who was actively engaged in the discharge of his lawful duties as such officer.
See Brown v. State, Ala., 353 So.2d 1384; Vincent v. State, Ala., 349 So.2d 1145; Williams v. State, Ala., 361 So.2d 1157.
Appellant was represented by counsel at the transfer hearing and at the subsequent criminal prosecution. Trial counsel was appointed to represent appellant on this appeal.
Winstead, supra, stands for the proposition that a voluntary confession of a juvenile is admissible at his transfer hearing despite the fact that no attorney was present at the time the confession was made, but such a confession cannot be used later in a criminal proceeding on the issue of guilt or innocence.
The confessory statement of appellant was not used at the transfer hearing, nor in the prosecution for robbery in the ease in chief. The confessory statement was used in the robbery prosecution on cross-examination for impeachment purposes.
In Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1, the Supreme Court held that, while statements made by the defendant which were inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, could not be used as evidence of guilt, they were admissible for the purposes of impeaching the defendant’s testimony at trial providing the trustworthiness of the evidence satisfies legal standards.
It should be noted that the trial court in this case went thoroughly into the question of the voluntariness of appellant’s statement and that there was ample evidence to show the validity of appellant’s waiver of Miranda rights under the guidelines set forth in Parker v. State, 351 So.2d 927 (Ala.Cr.App.), writ quashed 351 So.2d 938.
We hold the trial court did not err in allowing appellant’s statement to be used by the prosecution for impeachment purposes during cross-examination. If this is not the rule, then there is a grave miscarriage of justice.
Prior to trial on the robbery charge appellant applied for status as a Youthful Offender after the Court informed him of the requirements, rights and benefits of the Youthful Offender Act of Alabama, including the fact a probation officer would investigate the case and file a report. On February 6, 1979, a hearing on appellant’s application to be treated as a Youthful Offender was held and appellant was denied Youthful Offender status.
Under the procedure outlined in Clemmons v. State, 294 Ala. 746, 321 So.2d 238, we hold the trial court properly denied the application for Youthful Offender treatment.
There was more than sufficient evidence adduced by the State to sustain the conviction of appellant for robbery, and there was no error in overruling the motion for a new trial.
We have carefully searched the record for errors injuriously affecting the substantial rights of appellant and have found none. *1158 The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.

. That person referred to in this opinion as “Mark Kuzenska” was tried and convicted under the name “Mark Wayne Kuczenska.” See Kuczenska v. State, 378 So.2d 1182 (Ala.Crim.App.1979), cert. denied, 378 So.2d 1186 (Ala. 1980).