TYSON, Judge.
Don Sanborn, a juvenile, appeals from an order transferring this case from the juvenile court to the adult division of the Madison Circuit Court. This is the first proceeding to reach this court under the recent amendment to the Rules of Juvenile Procedure providing for direct appeals in juvenile transfer eases. See A.R.J.P. 28(C)(1) (effective March 1, 1982).
On April 19, 1982, the State filed a motion with the juvenile court to transfer appellant to the circuit court for prosecution as an adult. After a hearing on May 12, *1374 1982, the juvenile court issued an order to certify appellant as an adult and to transfer the case. The juvenile court judge made the following findings:
“1. Don Sanborn is a male child over the age of fourteen years and under the age of eighteen years, and the incident alleged in the petition occurred after his fourteenth birthday;
“2. There is probable cause to believe that the allegations of the instant petition are true and correct.
“The court has considered the foregoing, in addition to the following: the nature of the present alleged offense; the extent and nature of the child’s prior delinquency record; the nature of past treatment efforts and the nature of the child’s response to such efforts; the demeanor of said child; the extent and nature of the child’s physical and mental maturity; and the interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
“The court having heard the evidence in this cause and having considered the same, hereby finds that further efforts to rehabilitate this child within the juvenile justice system will probably not be successful and that further treatment of said child as a juvenile is not in the best interests of said child nor is it in the best interests of the State of Alabama, and that said child is due to be and is hereby found to be an incorrigible juvenile.
“It is, therefore, ORDERED, ADJUDGED AND DECREED that Don Sanborn is hereby certified as an adult in the instant cause and this cause is hereby transferred to the adult division of the Circuit Court of Madison County, Alabama, to await action by the Grand Jury of Madison County, Alabama, to await criminal prosecution as an adult.
“The reasons for the granting of the State’s motion are:
“1. The seriousness of the offense (Sale of Marijuana).
“2. The fact that this juvenile is now 18 years of age and was within three months of his 18th birthday when the alleged offense occurred.
“3. The fact that this juvenile is charged in another case with the sale of marijuana and that the court has also found that there is probable cause to believe that he committed that offense as well as the offense in the instant case.” (R. 49-50).
I
This order fully meets the requirements of § 12-15-34, Code of Alabama 1975. It indicates that the court considered the six factors outlined in § 12-15-34(d)(l)-(6). The Alabama Supreme Court has previously determined that a mere restatement of the factors set out in the statute is sufficient. McKinney v. State, 404 So.2d 639 (Ala.1981); Duncan v. State, 394 So.2d 930 (Ala.1981); Brown v. State, 353 So.2d 1384 (Ala.1977).
In addition, the order discloses that the court found there was probable cause to believe a crime occurred and the defendant committed it. See Duncan v. State, supra. The evidence adduced at the transfer hearing amply supported the finding of probable cause and there is no contention here to the contrary.
The appellant argues that there is an “incongruity” between the State’s admission in its “Motion to Certify as Adult” that “Don Sanborn has not been before the Juvenile Court of Madison County, Alabama on any prior occasions” and its allegation that “Don Sanborn has been afforded all possible beneficial treatment as a juvenile by the Juvenile Court of Madison County, Alabama, and further treatment as a juvenile is not in the best interest of the State.” (R. 48).
Appellant maintains that the incongruity is highlighted by the court’s consideration of “the nature of past treatment efforts and the nature of the child’s response to such efforts” when the undisputed evidence at the hearing proved that he had never been in trouble or appeared in juvenile court before.
*1375 This court will not interfere with a lower court’s order transferring a juvenile to circuit court for criminal prosecution as an adult unless the order is “clearly erroneous,” see Williams v. State, 361 So.2d 1157, 1157 (Ala.1978); Brown v. State, supra, at 1388. We must assume that the trial court’s finding regarding the ineffectiveness of any treatment of the appellant is based in part upon the report submitted by the juvenile probation officer, as required by § 12-15-34(e), Code of Alabama 1975. See Williams v. State, supra at 1157. The probation report states the following: (R. 47).
“With two sale of marijuana charges pending against Don and the fact that he has turned eighteen years of age, the Juvenile Court has nothing to offer him. Therefore, it seems that in order to protect the community and to attempt to get Don to understand- that he must stop breaking the law, the only alternative is to place Don in the adult system where the penalties for this behavior are stronger and more severe.” (Emphasis added).
In light of this report and the court’s finding that appellant “is now 18 years of age and was within three months of his 18th birthday when the alleged offense occurred,” the judge’s determination that appellant would not benefit by juvenile court treatment is valid. We cannot say that this order is “clearly erroneous.” The order of the lower court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.