This appeal arises under Rule 28 (a)(1), Alabama Rules of Juvenile Procedure. The appeal, perfected December 23, 1981, is a result of an order transferring the appellant, seventeen-year-old Timothy Snow, from the juvenile division to the criminal division of the Circuit Court of Calhoun County for prosecution as an adult. We affirm.
The appellant was arrested on October 2, 1981, on the charge of sodomy in the first degree of a Jacksonville Elementary School teacher. On the afternoon of September 15, 1981, around 5:25 p.m., a young black male forced his way into a nearly-empty classroom, grabbed the victim around the throat and pushed her to the floor. Using considerable force the assailant committed sodomy in violation of Code of Ala. 1975, §13A-6-63.
The victim told her husband of the assault and reported it to the principal of the *Page 221 
school; however, the incident was not reported to the police until September 25, 1981. An additional report of the incident was related to an investigator of the Calhoun County District Attorney's Office on October 1, 1981. On October 2 the appellant was arrested, and on that same day the victim identified appellant's photograph from a group of ten young black males. A detention hearing was held on October 5 at which time the victim positively identified Timothy Snow as the person who attacked her. On October 7 a motion for transfer was made pursuant to Code of Ala. 1975, § 12-15-34, and a hearing on that motion was held on December 22. The victim again made a positive identification, and this hearing resulted in an order transferring appellant to the criminal division for prosecution as an adult.
Appellant claims the following grounds require reversal of the transfer order: (1) The petition filed pursuant to Code of Ala. 1975, § 12-15-60 (a), was not timely filed; (2) The detention hearing exceeded the proper scope and went to the merits of the § 12-15-60 (a) petition and as a result the motion for transfer, filed two days after this hearing, did not comply with Code of Ala. 1975, § 12-15-34 (a); and (3) The procedures followed leading up to the transfer order violated the appellant's constitutional and statutory rights.
In the case at bar appellant contends that the jurisdiction of the court was erroneously invoked in that he was arrested on October 2, a detention hearing was held on October 5, but the petition required by Code of Ala. 1975, § 12-15-60 (a), was not filed with the clerk of the court until October 7, 1981.
Code of Ala. 1975, § 12-15-60 (a), provides:
 "When a child is not released from detention or shelter care as provided in section 12-15-58, a petition shall be filed and a hearing held within 72 hours, Saturdays, Sundays and holidays included, to determine whether continued detention or shelter care is required."
Code of Ala. 1975, § 12-15-50, states:
 "Cases before the court shall be initiated by the filing of a petition by the intake officer who shall receive verified complaints. . . ."
The record shows that the intake officer did in fact receive the complaint and the petition on October 5, within 72 hours of appellant's arrest. Further, the hearing on the issue of detention was held on October 5 satisfying the requirements of § 12-15-60 (a). The court had the complaint and petition before it at the time of the detention hearing, so in fact they wereproperly filed, notwithstanding the date of October 7 stamped on the petition by the circuit court clerk. Under the present facts the procedures promulgated in Rule 12, Alabama Rules of Juvenile Procedure, requiring an intake officer to "file a petition where judicial action appears necessary" were followed. The fact that the circuit court clerk did not stamp the petition "filed" until October 7 does not constitute reversible error.
Appellant next contends that the detention hearing held October 5 exceeded the scope permitted and went beyond a determination of the factors set out in Code of Ala. 1975, § 12-15-59 (a)(1)-(4). It is argued this was a hearing on the merits of the petition rather than one to determine the necessity of continued detention, and thus the requirements set forth in § 12-15-34 (a), as to the proper time for filing a motion to transfer appellant for prosecution as an adult, were not met. It is true that a motion for transfer must be made prior to a hearing on the merits; however, the evidence presented at the detention hearing clearly falls within evidence which would be necessary for a determination of the factors set out in § 12-15-59 (a)(1)-(4). These factors include whether "the release of the child would present a clear and substantial threat of a serious nature to the person or property of others." The evidence to which appellant objects goes directly to the seriousness of the offense charged. While it is true this evidence would also be relevant to the transfer petition, it was certainly material as to the question of the threat to the safety of the community and thus relevant to the question of detention. *Page 222 
The appellant further contends that the order transferring appellant for criminal prosecution as an adult is erroneous in that it is the result of a culmination of repeated violations of the appellant's constitutional and statutory rights.
A transfer hearing is held not for the determination of guilt or innocence but is in the nature of a preliminary hearing to determine whether there is probable cause for believing that the allegations are true. Winstead v. State, 371 So.2d 418
(Ala. 1979); Duncan v. State, 394 So.2d 930 (Ala. 1981). Factors which are to be considered in making that determination are outlined in Code of Ala. 1975, § 12-15-34 (d):
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of the past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
After reviewing the record it is clear that the transfer order in this case was issued by the court after giving consideration to these legislatively mandated factors.
While the constitutional questions concerning the admissibility of evidence raised by appellant may be relevant at a later proceeding, they are not appropriate in a transfer hearing. Transfer hearings are not held to determine guilt or innocence, but are probable cause hearings. The strict rules of evidence do not apply at transfer hearings. Vincent v. State,349 So.2d 1145 (Ala. 1977); Gulledge v. State, 419 So.2d 219
(Ala. 1982). In transfer hearings greater latitude is permitted in admitting evidence than would be allowed in a criminal prosecution. Winstead, supra.
For the reasons stated the order transferring Snow for criminal prosecution was proper.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.