We granted a writ of certiorari to the Court of Criminal Appeals arising from that court's reversal and remand of defendant Roy Walker's conviction of burglary in the third degree and theft of property in the first degree in case No. 81-1598 and his conviction of burglary in the third degree in case No. 81-1605. Defendant was sentenced to ten years' imprisonment in the penitentiary in both cases, the sentences to run concurrently. In granting certiorari we specified that the only issue we wished to address was:
 Is the application of Acts 1981, No. 81-344, effective April 29, 1981, (repealing Acts 1975, No. 1205, § 5-125), so as to make admissible on the hearing or trial of these cases a confession made by defendant prior to April 29, 1981, prohibited by the provision against ex post facto laws of Article I, § 10, Constitution of the United States and of Article I, § 22, Constitution of Alabama, 1901?
We are of the opinion that the legislature's repeal of the law making inadmissible statements made by a child while in the custody of law enforcement officers works such a substantial disadvantage to the defendant child as to put that repealing law in the category of ex post facto legislation prohibited by our state and federal Constitutions. Therefore, we affirm the decision of the Court of Criminal Appeals. 433 So.2d 464.
We will not burden this opinion with the recitation of the facts or a review of the legal analysis which has already been so ably done by retired Circuit Judge Leigh Clark, but a repeat of some of the facts will be necessary in order to direct our focus on the single issue in this case.
First, we note that the defendant, at the time the crimes were committed, was a 17-year-old juvenile. Although we take judicial notice of the disproportionate number of crimes committed by juveniles and persons in their twenties, in the past society has insisted on the passage of laws designed for their protection — hence, Chapter 15, Juvenile Proceedings, Code 1975, § 12-15-1 through § 12-15-120. Part of this body of law is § 5-125, Act 1205, Acts 1975 (Code 1975, § 12-15-67), which provides as follows:
 Unless advised by counsel, the statements of a child or other information or evidence derived directly or indirectly from such statements made while in custody to police or law enforcement officers or made to the prosecutor or probation officer during the process of the case, including statements made during a preliminary inquiry, predisposition study, informal adjustment or consent decree, shall not be used prior to a determination of the petition's allegations in a delinquency or in need of supervision case or in a criminal proceeding prior to conviction.
The defendant attempted to obtain youthful offender status, but was unsuccessful. He then was tried under the *Page 471 
charges in case No. 81-1598 and was found guilty and given a ten-year sentence. After this case had been tried and the sentence imposed, defendant stipulated that the state could make a prima facie case on the charge in case No. 81-1605, if the court refused to grant his motion to suppress the confession that he gave the police officer. It was stipulated that the corpus delicti of the alleged crime was established. The only missing link in perfection of a prima facie case was the involvement of the defendant in the crime. If the confession were admitted, that link would have been forged. The litigation thus postured, the issue stated above takes on crucial significance.
The incriminating statement made by the defendant was taken by the police officer on March 30, 1981. If defendant had been tried on that day, it is conceded that an acquittal would have been proper. There is precedent for this conclusion. In Wattsv. State, 361 So.2d 1200 (Ala.Cr.App. 1978), the voluntary confession of the defendant, made while legally a child and without advice of counsel, was admitted in trial. Code 1975, § 12-15-67, was then the law of Alabama. On appeal to this court, the defendant's conviction was set aside and the cause was remanded, this court holding:
 Therefore, error to reversal occurred in admitting the appellant's confession into evidence under Section 12-15-67, Code of Alabama 1975. It is irrelevant that the appellant's confession was voluntarily made if he did not have counsel present at the time. Similarly, the applicability of the above quoted statute is not affected by the court's denial of an application for youthful offender status or by a determination of incorrigibility by the juvenile court.
361 So.2d at 1201.
But defendant was not tried on March 30, 1981, but was tried after April 29, 1981, at a time when the statute protecting a minor's confession had been repealed. The defendant claims that to apply the repeal of this statute retroactively results in ex post facto legislation.
What then is an ex post facto law? We agree with Judge Clark when he states that the first clear definition in America of the meaning of ex post facto law is found in Calder v. Bull, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). That definition by the Supreme Court of the United States as extracted, states:
 ". . . An ex post facto law is one which makes criminal and punishes an act which was done before the passage of the law and which was innocent when done, aggravates a crime or makes it greater than it was when committed, changes the punishment and inflicts a greater punishment than was prescribed when the crime was committed, or alters the legal rules of evidence and receives less or different testimony than was required to convict at the time the offense was committed."
16A C.J.S. Constitutional Law, § 435, pp. 140-141 (1956).
It would seem that to apply the action of the legislature retroactively in this case would fly directly in the teeth of the proscription in Calder v. Bull, supra, which says that an ex post facto law is one which "alters the legal rules of evidence and receives less or different testimony than was required to convict at the time the offense was committed."
However, what seems to be a clear pronouncement is not always a clear pronouncement. In reviewing the Alabama cases dealing with the ex post facto nature of laws concerning the rules of evidence, we do not seem to have always followed a consistent course. For instance, in Wester v. State, 142 Ala. 56,38 So. 1010 (1905), in the prosecution of the defendant for abandoning his family, the wife was allowed to testify because of a newly enacted statute making a wife a competent witness against her husband, although at the time he abandoned his family, she was not a competent witness. Recently, in Turley v. State,356 So.2d 1238 (Ala.Cr.App. 1978), the Court of Criminal Appeals upheld the application of a law enacted between the date of the alleged commission of the crime of rape, and the trial of the defendant, that restricted *Page 472 
the defendant's right, which he had before the passage of the law, to introduce evidence of prior sexual intercourse between the alleged victim of the rape and the defendant. However, as far back as 1866, in Hart v. State, 40 Ala. 32, (1866), this court held that a law passed by the legislature which lifted the prohibition against conviction in a criminal case on the uncorroborated testimony of an accomplice, in misdemeanor cases, could not be made to apply to prosecutions for misdemeanors committed prior to its passage because to so do would make such a law violative of the constitutional provision against ex post facto laws.
The trend toward not applying the proscription against altering the rules of evidence stated in Calder v. Bull, supra, is also reflected in at least two federal decisions.[1] In Hoptv. Utah, the Supreme Court upheld a law which was applied retroactively in a homicide case which allowed persons convicted of felonies to testify as competent witnesses against the defendant, although before this law was passed, ex-felons were not permitted to testify against the accused. The Supreme Court said that the newly passed law allowing ex-felons to testify was not being applied in an ex post facto manner. The explanation given was that laws enlarging a person's competence to testify are in no way ex post facto because the crime was the same, the punishment prescribed therefor was the same, and the quantity and degree of proof necessary to establish guilt all remained the same. The Court said that only modes of procedure had been changed by the statute and no one can be said to have a vested right in a mode of procedure, and a state may regulate such procedure at its pleasure. Beazell v. Ohio, using the same reasoning, allowed the State of Ohio to change a law with reference to joint trials to allow the court discretion as to whether it would allow severance on motion of one or more of the defendants to require severance. Prior to such a law, and at the time that defendant's crime was committed, the defendant had an absolute right to have his case severed for trial. The Court held that such a law was not constitutionally infirm because of its ex post facto propensity.
The law has changed so since Calder v. Bull, supra, that the following statement from 16A Am.Jur.2d Constitutional Law § 652 (1979) seems to be the law:
 The prohibition relating to ex post facto matters generally has no application to statutory changes which merely affect the competency of witnesses to testify. Such statutes are not ex post facto in their application to prosecutions for crimes committed prior to their passage, since they do not attach criminality to any act previously done and which was innocent when done, nor do they aggravate any crime theretofore committed, provide a greater punishment therefor than was prescribed at the time of its commission, or alter the degree or lessen the amount or measure of the proof which was made necessary to conviction when the crime was committed. Thus, the Constitution's ban on ex post facto laws has been held not to be violated by a statute changing the law so as to enlarge the class of persons competent to testify against the accused in a prosecution for an offense committed prior to the enactment of the statute, such as a person with a prior felony conviction, or a convict confined to a state penal institution.
(Footnotes omitted.)
Although this appears to be the law, it certainly is not without exception. In United States v. Williams, 154 U.S.App.D.C. 244, 475 F.2d 355 (1973), a statute amended after the commission of a crime, but before the trial of a case that changed the burden on the prosecution from proving insanity and criminal responsibility using the standard of "reasonable doubt" to place the burden on the defendant using the standard of "preponderance of the evidence," was *Page 473 
held to be an ex post facto law as applied to the defendant. And even in Beazell, supra, a case which allowed a change in the rules of procedure with reference to severance in joint trials, it was stated:
 And there may be procedural changes which operate to deny to the accused a defense available under the laws in force at the time of the commission of his offense, or which otherwise affect him in such a harsh and arbitrary manner as to fall within the constitutional prohibition. . . . But it is now well settled that statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited. . . .
 Just what alterations of procedure will be held to be of sufficient moment to transgress the constitutional prohibition cannot be embraced within a formula or stated in a general proposition. The distinction is one of degree. But the constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation. . . .
Beazell, supra, 269 U.S. at 171, 46 S.Ct. at 69. (Citations omitted; emphasis added.)
We believe the above principles to be our polestar in these ex post facto cases. But for the legislature's repeal of Code 1975, § 12-15-67, the defendant admittedly would have been acquitted. Certainly such a change deprives the defendant of a right in a most substantial way. In this country we have zealously guarded the rule against self-incrimination. It is our opinion that nothing can be more odious than to require a person, or allow a person innocently, to testify against himself. This right is protected for adults in Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. Illinois,378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Would it not be equally fair to allow this same protection to a juvenile defendant? Obviously, we should not make a rule favorable to adults and unfavorable to children.
The teaching of the above-cited cases seems to be that the application of the rule against ex post facto law must be taken on a case by case basis. In doing so, we find no inconsistency in the decisions of our court and other courts cited in this opinion as they have applied the ex post facto doctrine. Suffice it to say that, here, where guilt or innocence turns on the application of the repealed law, therefore affecting and disadvantaging the defendant in the most substantial manner possible, the odious effect thereof compels us to find it to be ex post facto.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262 (1884);Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216
(1925).