BOWEN, Presiding Judge.
Ralph Edward Bighames was separately indicted for four offenses of first degree robbery, Alabama Code 1975, § 13A-8-41, and two offenses of fifst degree rape. § 13A-6-61. All six indictments were consolidated for trial and Bighames was convicted in each case. He was sentenced to 25 years’ imprisonment for three of the robberies and to 30 years in the fourth. He received a life sentence in each rape case. Three issues are argued on appeal.
I
Bighames argues that the consolidation of the charges for trial was unconstitutional because the rule authorizing that proce *797 dure was adopted after the alleged commission of the crimes.
A.R.Crim.P.Temp. 15.3 authorizes the joinder, consolidation, and severance of offenses. This rule became effective on March 1, 1983. The crimes were committed on November 27 and 29, 1981. That rule governs procedure and is a proper and constitutional exercise of the rulemaking power of our state supreme court. Holsemback v. State, 443 So.2d 1371, 1376-77 (Ala.Cr.App.1983). A law or rule relating merely to matters of procedure, and not depriving the accused of any substantial right, is not ex post facto. Terrell v. State, 429 So.2d 656, 658-59 (Ala.Cr.App.1982); Haynes v. State, 424 So.2d 669 (Ala.Cr.App.1982). Matters which are jurisdic tional or substantive in nature are governed by the law applicable at the time of the offense absent a clear expression in the statute or rule to the contrary. Walker v. State, 433 So.2d 469 (Ala.1983); Bracewell v. State, 401 So.2d 123 (Ala.1979). Matters which are procedural in nature are governed by the law applicable on the date of trial. Terrell, 429 So.2d at 659; Robinson v. State, 428 So.2d 148, 152 (Ala.Cr.App.1982), cert. denied, Robinson v. Alabama, — U.S. -, 103 S.Ct. 3122, 77 L.Ed.2d 1374 (1983). Since consolidation of separate indictments for trial is a procedural matter, it is governed by the rules in effect at the time of trial.
II
This Court answered Bighames’ second and third arguments in Bighames v. State, 440 So.2d 1231 (Ala.Cr.App.1983), where we held that the testimony of other rapes and a fingerprint card were properly admitted into evidence. The facts in this case compel the same conclusion of admissibility.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.