571 So.2d 361 (1990)
M.W.
v.
STATE.
CR 89-127.
Court of Criminal Appeals of Alabama.
August 3, 1990.
Rehearing Denied September 21, 1990.
Certiorari Denied December 21, 1990.
Robert V. Wood, Jr. of Spurrier, Rice & Henderson and Fulton S. Hamilton, Huntsville, for appellant.
*362 Don Siegelman, Atty. Gen., and Margaret S. Childers, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1900076.
BOWEN, Judge.
This is an appeal from the certification orders of the Juvenile Court of Madison County, Alabama, transferring 17-year-old M.W., the appellant, to the circuit court for criminal prosecution as an adult. The cases transferred were possession of a short-barreled shotgun (JU-89-034), assault in the second degree (JU-89-108), the possession and sale of marijuana (JU-89-1068), and the possession and sale of cocaine (JU-89-1069). The appellant raises three issues on this appeal.

I.
The appellant argues that, although the certification orders of the juvenile court conform with the statutory requirements of Ala.Code 1975, § 12-15-34(d), concerning the six factors the court must consider before granting a motion to transfer, there was no evidence presented to the court to support each of the six factors.
Section 12-15-34(e) provides: "Prior to a hearing on the motion by the prosecutor, a study and report to the court, in writing, relevant to the factors listed in subsection (d) of this section shall be made by probation services." Prior to the transfer hearing, the juvenile judge informed the parties that the probation services officer had "tendered to the Court" a "Profile of Youth" and that defense counsel had received a copy. In his closing argument, defense counsel argued that the information in the report supported the denial of the transfer motion. At the close of the hearing, in granting the motion, the juvenile judge stated: "Let the record show the report by the probation officer concerning the proper statutory factors have been submitted and that those factors have been taken into account by the Court today in making its decision."
Defense counsel made no objection of any form to the court's consideration of the Profile of Youth report. He cannot now complain on appeal that the admission and consideration of this report constitutes error. Objections to evidence cannot be raised for the first time on appeal. Nichols v. State, 267 Ala. 217, 223, 100 So.2d 750, 755 (1958). Even in juvenile cases, proper and timely objections are required. See Ex parte Brown, 540 So.2d 740, 744-45 (Ala.1989).
We agree with the appellant that evidence of the six factors listed in § 12-15-34(d) must be both presented to and considered by the juvenile court before that court grants a motion to transfer. "A transferring court is required by Alabama Code 1975, § 12-15-34(d), to consider evidence of six specific factors in determining whether to grant a motion to transfer." Ex parte Brown, 540 So.2d at 745.
However, contrary to the appellant's argument, we find that the record contains sufficient evidence on each of the six factors. We consider the appellant's argument concerning the admissibility of hearsay evidence relating to the six statutory factors to be procedurally barred because defense counsel did not raise this issue in the juvenile court. In fact, counsel admitted in closing argument that "[m]uch of what we have heard is simply hearsay, and I understand that it is admissible." Furthermore, hearsay evidence is admissible at a transfer hearing. Gulledge v. State, 419 So.2d 219, 220-21 (Ala.1982). We consider hearsay evidence admissible both in supplying evidence of the six statutory factors listed in § 12-15-34(d) as well as on the issue of whether probable cause exists to believe that the juvenile committed the charged criminal offenses. See Sanborn v. State, 421 So.2d 1373, 1375 (Ala.Cr.App.1982).
Here, as in Brown, 540 So.2d at 745, "[o]ur review convinces us that the juvenile court considered and weighed each factor listed in § 12-15-34[d] and made a conscientious and comprehensive determination that the juvenile should be transferred to the circuit court for criminal prosecution as an adult." Our holding in Whisenant v. State, 466 So.2d 995, 998 (Ala.Cr.App.1984), reversed on other grounds, 466 So.2d 1006 *363 (Ala.1985), has equal application here: "Even though some of the factors may indicate that it would be in the best interest of the child and the public to treat the youth as a juvenile, the judge may still order treatment as an adult after weighing all the factors and circumstances involved."

II.
Contrary to the appellant's argument, we find that there was sufficient evidence presented to establish probable cause that the appellant possessed a short-barreled shotgun as charged.
On November 20, 1988, gunshots were heard at the Rainbow Skate Center in Huntsville, Alabama. The person who fired the shots, the appellant, and two other males left the Center in the same automobile. The vehicle was stopped and searched by Madison County deputy sheriffs. Shotgun shells were found in the front seat. A sawed-off 12-gauge shotgun and a .22 caliber rifle were discovered in the trunk. There was evidence that "the back of the rear seat was removable and the trunk was accessible from the interior of the vehicle." When advised by a deputy that the guns would be confiscated, the appellant stated, "Well, I will be out on the street tomorrow and I'll have more guns." At that time, the appellant also stated either, "It's our property" or "It's my property." It is the opinion of this Court that these facts are sufficient to establish probable cause to believe that the appellant had possession of the shotgun.
"A transfer hearing is held not for the determination of guilt or innocence but is in the nature of a preliminary hearing to determine whether there is probable cause for believing that the allegations are true." Snow v. State, 423 So.2d 220, 222 (Ala. 1982).
"The only standard of proof which must be met in order to support the transfer of a juvenile to the circuit court for adult criminal prosecution is `whether a reasonable man would believe the crime occurred and that the defendant committed it.' Duncan [v. State], 394 So.2d [930, 932 (Ala.1981)]. The evidence need not be `overwhelming' and `guilt' need not be proven beyond a reasonable doubt. Duncan, 394 So.2d at 932."
Whisenant, 466 So.2d at 999.

III.
Contrary to the appellant's argument, we also find that sufficient evidence was presented to believe that the appellant had committed the charged offense of assault in the second degree. The appellant himself testified that he struck the victim in the face with a beer bottle in self defense. Huntsville police officer Charity Roe testified that the assault victim told her that the appellant hit him in the face with a bottle and caused extensive facial injuries.
In Duncan v. State, 394 So.2d 930, 932 (Ala.1981), our Supreme Court stated:
"Although we find the evidence to be far from overwhelming, we recognize that this hearing was not one at which guilt had to be proven beyond a reasonable doubt. Since there was some evidence on which the trial judge could base his finding that probable cause existed, we cannot say that his determination was clearly erroneous."
This Court will not reverse the transfer order of a juvenile court unless it is clearly erroneous. Whisenant, 466 So.2d at 998. In our opinion, the transfer orders of the juvenile court in the four cases under review are reasonable and are due to be upheld.
The orders of the juvenile court are affirmed.
AFFIRMED.
All Judges concur.