■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BORBON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered August 11, 1987, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige; 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BOVELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered May 27, 1987, convicting him of burglary in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The record does not support the defendant's claim that his trial counsel's failure to request submission to the jury of the crime of criminal trespass in the third degree as a lesser included offense of burglary in the second degree rendered counsel ineffective, thereby requiring a new trial.

We are satisfied that the defendant received meaningful representation and was not denied a fair trial (see, People v Satterfield, 66 NY2d 796, 798; People v Baldi, 54 NY2d 137). The determination to refrain from requesting the submission of any lesser included offense was consistent with the testimony of the defendant and the defense witness which clearly evinces an "all or nothing" defense strategy. Such a strategy has been sanctioned by the Court of Appeals (see, People v Lane, 60 NY2d 748).

Furthermore, the defendant's claim that the trial court erred in failing to submit, sua sponte, the lesser charge is meritless. In the absence of such a request "the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]; see also, People v Hunter, 141 AD2d 847, 848). Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.