937 F.2d 616
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Frank GOMEZ, Petitioner-Appellant,
v.
STATE OF NEW MEXICO, Respondent-Appellee.
 No. 89-2004.
 United States Court of Appeals, Tenth Circuit.
 July 15, 1991.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BROWN, District Judge.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This matter comes before the court on appellee's petition for rehearing and motion to recall and stay the mandate.
 
 
 2
 In our earlier order, Gomez v. State of New Mexico, No. 89-2004 (April 12, 1991), we vacated the district court's dismissal of Gomez' federal habeas corpus petition and remanded for an application of the "deliberate bypass" test set forth in Fay v. Noia, 372 U.S. 391, 438-39 (1963). We held that such a result was mandated by our opinion in Osborn v. Shillinger, 861 F.2d 612, 624 (10th Cir.1988).
 
 
 3
 Appellee now requests that we recall and stay the mandate of that order and reconsider our holding in light of the Supreme Court's recent opinion in Coleman v. Thompson, 500 U.S. ---, 1991 WL 107399 (June 24, 1991). In that opinion, the Supreme Court emphatically rejected the deliberate bypass test set forth in Fay and directed courts instead to apply the "cause and prejudice" test enunciated in Wainwright v. Sykes, 433 U.S. 72, 90 (1977). The Court stated that "[b]y applying the cause and prejudice standard uniformly to all independent and adequate state procedural defaults, we eliminate the irrational distinction between Fay and the rule of cases like Francis, Sykes, Engle, and Carrier." Coleman, 500 U.S. at ---, 1991 WL 107399 at 18. Since the Supreme Court has made it clear that Coleman should be applied retroactively, see Singletary v. Francis, 111 S.Ct. 2879 (June 24, 1991), appellee maintains that it would be futile to require the district court to follow our order and apply a standard that has been discarded by the Supreme Court. We agree.
 
 
 4
 Although we rarely exercise such authority, this court does have the inherent power to recall the mandate after it has issued. Abel v. West, 932 F.2d 898, 899 (10th Cir.1991); Hammons v. Int'l Playtex, Inc., 872 F.2d 963, 963 (10th Cir.1989). In this case, our initial order was filed on April 12, 1991. Appellee filed a petition for rehearing on April 30, 1991, which was denied on June 19, 1991. The mandate issued on June 27, 1991. However, on June 24--five days after the petition for rehearing was denied--the Supreme Court handed down its Coleman opinion. Appellee's motion to recall the mandate followed several days later on July 3, 1991. We think the circumstances here justify the recall of the mandate, and we grant appellees' petition for rehearing. To hold otherwise would be to engage in an exercise in futility, requiring the district court to apply a legal analysis which has now been repudiated by the Supreme Court.
 
 
 5
 In light of Coleman, we affirm the district court's application of the "cause and prejudice" standard and its dismissal of Gomez' habeas petition. We agree with the district court that, under the terms of that standard, Gomez failed to demonstrate cause sufficient to overcome the state procedural bar. Although Gomez maintains that his procedural default was caused by his attorney's failure to file a petition for certiorari with the New Mexico Supreme Court, Coleman makes it quite clear that the right to effective assistance of counsel does not extend beyond the first appeal as of right. See also Ross v. Moffitt, 417 U.S. 600, 619 (1974) (no right to counsel for discretionary appeals where defendant already had one appeal as of right). Given that a criminal defendant has no right to counsel beyond his first appeal, "any attorney error that led to the default of [petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas." Coleman, 500 U.S. at ----, 1991 Wl 107399 at 22. Accordingly, Gomez' allegations of ineffective appellate counsel do not constitute "cause," and he must "bear the risk of attorney error." Id. at 20.
 
 
 6
 We therefore RECALL the mandate, VACATE our earlier order and judgment, and AFFIRM the district court.
 
 
 
 *
 Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3