■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VERAS, Appellant.—Judgment, Supreme Court, Bronx County (William Martin, J.), rendered November 28, 1988, convicting defendant after a trial by jury of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, and sentencing him to two consecutive, indeterminate terms of

imprisonment of 8⅓ to 25 years and a concurrent, indeterminate term of 5 to 15 years, affirmed.

Defendant's conviction arose from a shooting which took place in a Jerome Avenue park on the afternoon of August 2, 1986. The complaining witness was sitting on a bench with a woman friend when defendant, whom they apparently both knew, started to curse at them, called them traitors and said he was glad of the opportunity to kill both of them, and began shooting. While the woman was initially wounded in the leg, the complainant testified that he managed to escape unharmed only because the first two shots at him misfired and the third narrowly missed him as he was running away. After the complainant fled, and with eyewitnesses watching from a nearby window, defendant then shot the woman twice more as she tried to crawl away, causing her death.

Twice before the case came to trial, defendant moved to relieve assigned counsel, and he now claims that those motions were improperly denied without a hearing or further inquiry. The record, however, reveals that the motions made no allegations which indicated the existence of a serious possibility of an irreconcilable conflict and that further inquiry was therefore not required (see, *People v Sides*, 75 NY2d 822). In addition to boilerplate language derived from a preprinted form, defendant's motions consisted primarily of conclusory allegations, *i.e.*, that counsel had lied to him, that counsel had failed to make unspecified motions and that there was an undefined conflict of interest. Moreover, defendant's more specific contention that counsel never informed him that the maximum sentence he faced was 15 years to life obviously did not demonstrate that counsel had misinformed the defendant, since clearly the defendant faced a much higher sentence if convicted of murder in the second degree. Indeed, elsewhere in the record, extensive colloquy reveals that defendant had a full and complete understanding of the plea offer he had been made and of the potential sentence he faced. Defendant's contention that counsel had not prepared a proper defense as to his mental state was belied, as the court stated, by the fact that "numerous psychiatric interviews and investigations" had already been conducted relevant to that issue. Finally, defendant's request for a Spanish speaking attorney was properly denied.

At trial, defendant was acquitted of murder in the second degree of the deceased victim and convicted of the lesser included charge of manslaughter in the first degree, based on the jury's finding that he was acting under an extreme emo-

tional disturbance. (Penal Law § 125.25 [1] [a]; § 125.20.) Defendant now argues that the court erred in failing to *sua sponte* charge the jury with attempted manslaughter in the first degree as a lesser included charge of the attempted murder in the second degree of the surviving victim. However, that issue is not preserved since defendant never requested such a charge to the attempted murder and has therefore waived any argument that it was warranted. Moreover, the failure to so charge in the absence of a request "does not constitute error". (CPL 300.50 [2]; *see also, People v Harris,* 109 AD2d 351.)

As to the ineffective assistance of trial counsel argument, the record as it stands, viewed in totality, reveals that defendant's trial attorney provided meaningful representation. *(People v Baldi,* 54 NY2d 137, 147.)

We find no merit to defendant's claim that sentence was imposed improperly. Concur—Murphy, P. J., Milonas, Ellerin and Wallach, JJ.

Smith, J., concurs in part and dissents in part in a memorandum as follows: I agree with the majority that the defendant's conviction for manslaughter in the first degree should be affirmed since the record supports the view that even though defendant moved, *pro se,* to have his attorney relieved and the court did not make the inquiry called for by *People v Sides* (75 NY2d 822 [1990]), there was no merit to the applications. As to the conviction for attempted murder, however, I believe that even though he failed to ask for it, in the interest of justice the defendant was entitled to a charge on the affirmative defense of extreme emotional disturbance, a charge given with respect to the murder charge.

The evidence showed that as a man and woman sat together on a bench, defendant approached them and pulled a gun. He shot the woman several times, causing her death. A bullet missed the man as he ran away.

Both the People and the defendant agreed that a charge on the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]) should be given with respect to the charge of murder. The court did so despite its view that the evidence did not warrant it. The defendant failed to ask for the charge with respect to the count of the indictment which charged attempted murder.

In determining whether a charge should have been given, a defendant is entitled to the most favorable view of the evidence. *(People v Watts,* 57 NY2d 299, 301 [1982].) "When

evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested." *(Supra,* at 301.)

In this case the strongest evidence of extreme emotional disturbance is that, after the introduction of evidence of defendant's appearance and demeanor at the time of the shooting, both sides argued the issue to the jury, the court charged that affirmative defense with respect to murder, and the jury returned a verdict in accordance with that charge. In my view it is now disingenuous for the People to argue that no view of the evidence supported the charge with respect to attempted murder. If the evidence supported the charge with respect to murder, it also supported the charge with respect to attempted murder.

Finally, a number of cases have held that the affirmative defense of extreme emotional disturbance is applicable to a charge of attempted murder as well as murder. *(People v Lanzot,* 67 AD2d 864, 866 [1979], *appeal dismissed* 49 NY2d 796 [1980]; *People v Tabarez,* 113 AD2d 461, 463 [1985]; *People v White,* 125 AD2d 932, 933 [1986].)

In the interest of justice, the attempted murder charge should be retried.