■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. SKINNER, JR., Appellant. [611 NYS2d 720] —Judgment unanimously affirmed. Memorandum: Defendant's contention that County Court erred in failing to charge *sua sponte* vehicular manslaughter as a lesser included offense has not been preserved for our review because defendant failed to request that such charge be given *(see, People v Veras,* 175 AD2d 710, 712, *lv denied* 78 NY2d 1130). "In the absence of such a request, the court's failure to submit such offense does not constitute error" (CPL 300.50 [2]; *see also, People v Veras, supra,* at 712; *People v Bovell,* 154 AD2d 609).

Defendant contends that his blood sample, taken when he was unconscious, was illegally obtained and should have been suppressed inasmuch as he was not formally under arrest at the time. That contention lacks merit *(see, People v Goodell,* 79 NY2d 869, *affg* 164 AD2d 321).

We reject defendant's contention that the court erred in admitting the testimony of persons who either were with defendant within one hour of the fatal automobile accident or observed his truck being driven in an erratic manner within minutes of that accident. That testimony is relevant to show defendant's subjective awareness of the risk, an essential element necessary to show that defendant acted recklessly under circumstances evincing a depraved indifference to human life, as charged in the first three counts of the indictment. That proof did not constitute evidence of a prior bad act or uncharged crime, so as to require a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350). In any event, we

conclude that the court effectively complied with the mandates of *Ventimiglia* and its progeny and properly admitted the challenged testimony. Moreover, any error in the admission of the challenged testimony is harmless in light of the overwhelming evidence of defendant's guilt. There is no significant probability that the jury would have acquitted defendant but for the error *(see, People v Crimmins,* 36 NY2d 230, 242).

Under the circumstances of this case, although the court violated CPL 310.30 by failing to give defense counsel notice and an opportunity to participate in the court's response to the jury's written inquiry, reversal is not required because the jury ultimately acquitted defendant of those charges to which the inquiry was addressed *(cf., People v DeRosario,* 81 NY2d 801; *People v O'Rama,* 78 NY2d 270).

Lastly, defendant has not demonstrated that the court abused its discretion or that extraordinary circumstances exist that would warrant reduction of his sentence in the interest of justice. (Appeal from Judgment of Steuben County Court, Purple, Jr., J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.