Luis VERAS, Petitioner,

v.

Wayne STRACK, Superintendent,
Fishkill Correctional Facility,
Respondent.

No. 98 Civ. 7610 (HBAJP).

United States District Court,
S.D. New York.

July 20, 1999.

## OPINION AND ORDER

BAER, District Judge.[1]

Petitioner Luis Veras filed a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. On December 1, 1998, I referred this matter to Magistrate Judge Andrew J. Peck, who issued a Report and Recommendation ("the Report") on March 15, 1999 that recommended the petition be denied. After a request for a 10–day extension, which was granted, the petitioner

---

1. Nancy M. Lopez, a second-year student at New York Law School, assisted in the research and preparation of this opinion.

filed timely objections ("Petitioner's Objections"). For the reasons set forth below, the Report is adopted in its entirety and Veras' petition is DENIED.

## I. *BACKGROUND*

On November 28, 1988, a jury found the petitioner guilty of manslaughter in the first degree (N.Y. Penal Law § 125.20) and criminal possession of a weapon in the second degree (N.Y. Penal Law § 265.03). *See People v. Veras,* 175 A.D.2d 710, 572 N.Y.S.2d 912, 912 (1st Dep't 1991). Based on a finding of "extreme emotional disturbance," the jury acquitted him of attempted murder in the second degree. Veras was sentenced to two consecutive terms of 8 ⅓ to 25 years of imprisonment and to a concurrent term of 5 to 15 years. The First Department of the Appellate Division affirmed the conviction, *see People v. Veras,* 572 N.Y.S.2d at 912, and the Court of Appeals later denied the petitioner's application for leave to appeal. *See People v. Veras,* 78 N.Y.2d 1130, 578 N.Y.S.2d 888, 586 N.E.2d 71 (1991). The petitioner's conviction became final in 1991.

Veras filed a writ of habeas corpus on March 25, 1993 challenging his conviction on the same claims asserted in his direct appeal to the First Department.[2] On July 23, 1993, Judge Brieant dismissed the petition and held that Veras could file a new petition after exhausting his state remedies. Veras has since done so, and his current petition is now before this Court.

## II. *DISCUSSION*

### A. Standard of Review

In reviewing a Report and Recommendation, a district court is not required to examine each aspect *de novo.* Instead, it must only review *de novo* the sections of the Report to which one or both of the parties object. Upon review, the court may accept, modify, or reject the Report in whole or in part. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. §§ 636(b)(1)(B) & (C).

### B. Petitioner's Objections

The petitioner objects to the report on two grounds: (1) that he was denied effective assistance of appellate counsel; and (2) that he was denied due process at sentencing.

#### 1. Ineffective Assistance of Appellate Counsel

According to the petitioner, New York State has "long recognized" that counsel appointed for an indigent defendant for the appeals process continues until the Court of Appeals "has spoken." *See* Petitioner's Objections at 3. However, as Judge Peck correctly notes, there is no Federal constitutional right to counsel on a discretionary State appeal. *See* Report at 7–8 (citing *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341, (1974) (holding that a state court was not required to provide a defendant with counsel on his discretionary appeal to the highest state court)).

Veras claims that his counsel on appeal was ineffective since he failed to raise potentially meritorious issues, and that this error should be subject to Sixth and Fourteenth Amendment standards. Notwithstanding the petitioner's objections, Judge Peck correctly ruled that because Veras is not entitled to counsel, he cannot claim ineffective assistance of counsel. As the Supreme Court stated in *Wainwright v. Torna,* "A defendant cannot receive ineffective assistance of counsel where no constitutional right to such counsel exists." 455 U.S. 586, 587–588, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (finding that since the

---

**2.** In that earlier petition, Veras claimed that "(1) the trial court erred in denying Veras's pretrial motion for reassignment of counsel due to a conflict; (2) the trial court erred in failing to sua sponte charge the jury with attempted manslaughter as a lesser included charge of attempted murder; and (3) the trial court denied Veras due process at sentencing as a result of 'its own perception that [Veras] was guilty of murder' and by the prosecutor's extensive arguments about unrelated, uncharged crimes." *See* Report at 3.

petitioner had no constitutional right to counsel, he was not deprived of effective assistance based on his attorney's failure to file a timely application for *certiorari* ).

### 2. Denial of Due Process at Sentencing

In addition, the petitioner argues that the trial court's failure to correctly charge the jury resulted in an unfair sentencing, and that this due process claim should not be barred from federal habeas review. However, as Judge Peck correctly pointed out, "[a] sentencing due process claim is barred from federal habeas review [if] it was denied by the state courts on an adequate and independent state law procedural ground." *Flowers v. Irvine,* 1995 WL 669913 at *4 (E.D.N.Y. Oct. 31, 1995) (dismissing the petitioner's claim as "procedurally defective" because he could have, but failed to argue this claim on direct appeal). Similarly, Veras raised his sentencing claims on direct appeal to the 1st Department which found his claim "without merit." Veras' application for leave to appeal, however, did not raise the sentencing issue. The petitioner's failure to include this claim in seeking leave to appeal to the Court of Appeals was indeed a procedural defect that now bars the claim from federal habeas review. *See Jordan v. Lefevre,* 22 F.Supp.2d 259 (S.D.N.Y.1998). Accordingly, I agree with Judge Peck that this objection is without merit and that the petitioner's claim is barred from federal habeas review.

### III. CONCLUSION

After reviewing the parts of the Report to which the petitioner objects and finding no clear error with the rest of the Report, I adopt Magistrate Judge Peck's Report in its entirety. The petition for habeas corpus is DENIED and the Clerk of the Court is directed to close this case.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

Petitioner Luis Veras seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, from his conviction of first degree manslaughter, attempted murder in the second degree and criminal possession of a weapon. (Pet., dated 7/27/98, ¶¶ 1-4.) *See also People v. Veras,* 175 A.D.2d 710, 710, 572 N.Y.S.2d 912, 912 (1st Dep't), *app. denied,* 78 N.Y.2d 1130, 578 N.Y.S.2d 888, 586 N.E.2d 71 (1991). Veras's petition alleges that appellate counsel was ineffective for failing to raise his due process sentencing claim when seeking leave to appeal to the New York Court of Appeals (Pet.¶ 12(A)), and that he was deprived of due process on sentencing (Pet.¶ 12(B)).

For the reasons set forth below, I recommend that Veras's habeas petition be denied. His ineffective assistance claim is meritless because the law is clear that he was not entitled to counsel on his discretionary appeal to the New York Court of Appeals, and hence no ineffective assistance of counsel claim can lie. His sentencing due process claim is barred from federal habeas review because it was denied by the state courts on an adequate and independent state law procedural ground.

### PROCEDURAL BACKGROUND

Veras's conviction resulted from a shooting in a Jerome Avenue park in the Bronx on August 2, 1986:

> Defendant's conviction arose from a shooting which took place in a Jerome Avenue park on the afternoon of August 2, 1986. The complaining witness was sitting on a bench with a woman friend when defendant, whom they apparently both knew, started to curse at them, called them traitors and said he was glad of the opportunity to kill both of them, and began shooting. While the woman was initially wounded in the leg, the complainant testified that he managed to escape unharmed only because

the first two shots at him misfired and the third narrowly missed him as he was running away. After the complainant fled, and with eyewitnesses watching from a nearby window, defendant then shot the woman twice more as she tried to crawl away, causing her death. *People v. Veras,* 175 A.D.2d 710, 711, 572 N.Y.S.2d 912, 912 (1st Dep't 1991). Veras was convicted of manslaughter in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree. *People v. Veras,* 175 A.D.2d at 710–11, 572 N.Y.S.2d at 912. (*See also* Pet. ¶ 4; Affidavit of ADA Nancy Killian, ¶ 3.) The jury acquitted Veras of the more serious second degree murder charge based on the jury's finding that he was acting under an "extreme emotional disturbance." *People v. Veras,* 175 A.D.2d at 711–12, 572 N.Y.S.2d at 913. Veras was sentenced to two consecutive terms of 8–1/3 to 25 years imprisonment and a concurrent term of 5 to 15 years. *Id.* at 710–11, 572 N.Y.S.2d at 912. (*See also* Pet. ¶ 3; Killian Aff. ¶ 3.)

### Veras's Direct Appeal

In Veras's direct appeal to the First Department, represented by new counsel, Veras raised the following claims: (1) the trial court erred in denying Veras's pretrial motion for reassignment of counsel due to a conflict (Killian Aff. Ex. 1: Veras 1st Dep't Br. at 17–23); (2) the trial court erred in failing to sua sponte charge the jury with attempted manslaughter as a lesser included charge of attempted murder (*id.* at 23–28); and (3) the trial court denied Veras due process at sentencing as a result of "its own perception that [Veras] was guilty of murder" and by the prosecutor's extensive arguments about unrelated, uncharged crimes (*id.* at 29–34 & n. 16).

The First Department denied Veras's appeal, holding:

[Veras] now argues that the [trial] court erred in failing to sua sponte charge the jury with attempted manslaughter in the first degree as a lesser included charge

of the attempted murder in the second degree of the surviving victim. However, that issue is not preserved since defendant never requested such a charge to the attempted murder and has therefore waived any argument that it was warranted. Moreover, the failure to so charge in the absence of a request 'does not constitute error.'

As to the ineffective assistance of trial counsel argument, the record as it stands, viewed in totality, reveals that defendant's trial attorney provided meaningful representation.

We find no merit to defendant's claim that sentence was imposed improperly. *People v. Veras,* 175 A.D.2d 710, 712, 572 N.Y.S.2d 912, 913 (1st Dep't 1991) (citations omitted). The First Department also denied Veras's appeal of his pretrial motions to relieve counsel and for appointment of a new, Spanish-speaking attorney. *Id.* at 711, 572 N.Y.S.2d at 912–13.

In seeking leave to appeal to the New York Court of Appeals, Veras's appellate counsel presented only one of the claims raised before the First Department: the trial court's denial of Veras's pretrial motion to relieve and replace trial counsel. (Killian Aff. ¶ 7 & Ex. 4: 9/26/91 Letter from Veras's Counsel to N.Y. Ct.App.) The Court of Appeals denied leave to appeal. *People v. Veras,* 78 N.Y.2d 1130, 578 N.Y.S.2d 888, 586 N.E.2d 71 (1991).

### Veras's First Federal Habeas Corpus Petition

On March 25, 1993, Veras filed his first writ of habeas corpus in this Court, raising the claims asserted in his direct appeal to the First Department. (Pet. 3/25/93, 93 Civ. 5108, at ¶ 12(A)-(C).) On July 23, 1993, Judge Brieant dismissed Veras's petition for failure to exhaust state remedies, holding that Veras had not exhausted his claims that his sentence was unconstitutional. (Killian Aff. ¶ 9 & Ex. 5: 7/23/93 Brieant Order of Dismissal, *Veras v. Warden. Attica Correctional Facility,* 93 Civ. 5108.) Judge Brieant noted that the issue

of whether Veras would be barred from state collateral relief "is for the state court to determine in the first instance," and that Veras could file a new federal habeas petition after exhausting state remedies. (*Id.* at 2.)

### Veras's State Collateral Attacks

On November 14, 1994, Veras filed a pro se CPL § 440.10 motion in State Supreme Court to vacate his judgment and set aside his sentence, claiming that: (1) his trial attorney's failure to request a jury instruction on extreme emotional disturbance, in connection with the attempted murder count, denied him effective assistance of counsel; and (2) "the [trial] court's reliance on [his] alleged culpability for murder and the prosecutor's extensive arguments about extraneous crimes of which [he] had never been convicted or even charged" denied him fair sentencing. (Killian Aff. ¶ 10, *see* Killian Aff. Ex. 10: 10/20/97 Veras Coram Nobis Aff. ¶ 11; Pet. ¶ 12(A) at p. 5a.) On January 30, 1995, the trial court denied Veras's motion on procedural grounds, stating that CPL § 440.10[1] requires "denial of such a motion when the issue has been raised on direct appeal and no retroactive change in the law has become effective after that time." (Killian Aff. ¶ 11; *see* Killian Aff. Ex. 10: 10/20/97 Veras Coram Nobis Aff. ¶ 11; Pet. ¶ 12(A) at p. 5a.) On March 30, 1995, the First Department denied Veras's request to appeal pursuant to CPL § 460.15. (*See* Killian Aff. ¶ 12.)

Veras filed another pro se CPL § 440.10 motion on May 13, 1996, claiming that the trial court erred in not sua sponte instructing the jury on the defense of extreme emotional disturbance with respect to the attempted murder count. (Killian Aff. ¶ 13 & Ex. 6: Veras 5/13/96 CPL § 440.10 Aff. ¶ 7 & Br. at 1–2.) The trial court denied the motion on the procedural ground that

Veras had unsuccessfully raised this issue on direct appeal. (Killian Aff. ¶ 14 & Exs. 7–8: State Opp. Aff. & 7/17/96 Bx. Sup.Ct. Order.) On April 15, 1997, the First Department denied Veras's request to appeal because there was "no question of law or fact presented" requiring review. (Killian Aff. ¶ 15 & Ex. 9: 4/15/97 1st Dep't Certificate Denying Leave.)

On October 20, 1997, Veras moved in the First Department for a writ of error coram nobis, claiming ineffective assistance of appellate counsel because his appellate attorney failed to raise his sentencing claims in the New York Court of Appeals. (Killian Aff. ¶ 16 & Ex. 10: 10/20/97 Veras Coram Nobis Application.) On May 26, 1998, the First Department denied Veras's motion "on the merits." (Killian Aff. ¶ 17 & Ex. 11: 5/26/98 1st Dep't Op.)

### Veras's Current Federal Habeas Petition

Veras's current federal habeas petition is dated July 27, 1998 and was received by the Court's Pro Se Office on August 3, 1998. Veras's current petition raises two claims: first, that he was denied effective assistance of appellate counsel (Pet. ¶ 12(A)), and second, that he was denied due process at sentencing.

### ANALYSIS

**I. THE COURT NEED NOT DECIDE WHETHER VERAS'S STATE COLLATERAL MOTIONS TOLL THE AEDPA'S STATUTE OF LIMITATIONS OF ONE YEAR AFTER APRIL 24, 1996**

Because Veras's conviction became final in 1991, Veras had a full year from the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") to file his habeas petition. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d

---

1. CPL § 440.10(2)(a) states: "Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when: (a) The ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue."

Cir.1998). Because Veras's present petition was filed between July 27 and August 3, 1998, the State argues that it is time barred and that Veras's May 1996 CPL § 440.10 motion and October 1997 coram nobis application do not toll the AEDPA statute of limitations. (*See* State Br. at 4–6.)[2]

There is a split of authority within the Southern District as to whether state collateral attacks toll the one-year statute of limitations under *Ross v. Artuz* for convictions that became final before April 24, 1996.[3] The Court need not decide that question here, however, because Veras's petition should be dismissed on the merits.

## II. HABEAS RELIEF DOES NOT LIE FOR ALLEGED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON DISCRETIONARY APPEALS

In *Douglas v. California*, 372 U.S. 353, 356–58, 83 S.Ct. 814, 816–17, 9 L.Ed.2d 811 (1963), the Supreme Court held that the Fourteenth Amendment due process clause requires appointment of counsel to indigent defendants on their first criminal appeal as of right, but left open the question of whether states also must provide counsel for discretionary or mandatory appeals beyond the first direct appeal. Eleven years later, the Supreme Court answered that question in the negative in *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), explaining:

> We do not believe that the Due Process Clause requires [a stated to provide respondent with counsel on his discretionary appeal] to the [highest state court]. At the trial stage of a criminal proceeding, the right of an indigent defendant to counsel is fundamental and binding upon the States by virtue of the Sixth and Fourteenth Amendments. But there are significant differences between the trial and appellate stages of a criminal proceeding....
>
> By contrast [to trial], it is ordinarily the defendant, rather than the State, who initiates the appellate process, seeking not to fend off the efforts of the State's prosecutor but rather to overturn a finding of guilt made by a judge or a jury below. The defendant needs an attorney on appeal not as a shield to protect him against being 'haled into court' by the State and stripped of his presumption of innocence, but rather as a sword to upset the prior determination of guilt.... Unfairness results only if indigents are singled out by the State and denied meaningful access to the appellate system because of their poverty. That question is more profitably considered under an equal protection analysis.
>
> .    .    .    .    .
>
> In this case, we do not believe that the Equal Protection Clause, when inter-

---

2. If both motions served to toll the AEDPA statute of limitations, Veras's petition would be timely. The difference between April 24, 1996 and August 3, 1998 is 831 days. Veras's collateral attacks were pending from May 17, 1996 to April 15, 1997, *i.e.*, 337 days, and from October 20, 1997 to May 26, 1998, i.e., 218 days. Thus, his collateral motions were pending for 655 of the 831 days. If tolling applied, Veras's petition thus would be timely.

3. *Compare e.g., Lovasz v. Vaughn*, 134 F.3d 146, 149 (3d Cir.1998); *Duncan v. Griener*, 97 Civ. 8754, 1999 WL 20890 at *3 (S.D.N.Y. Jan.19, 1999) (Koeltl, D.J.) (tolling provision in 28 U.S.C. § 2244(d)(2) applies to petitioner whose conviction became final before the AEDPA's April 24, 1996 effective date); *Tur-*

*ner v. Senkowski*, No. 97–CV–653, 1998 WL 912011 at *2 (W.D.N.Y. Nov. 23, 1998) (tolling *Ross*'s one year after AEDPA enactment period for state collateral review, following *Joyner*); *Joyner v. Vacco*, 97 Civ. 7047, 1998 WL 633664 at *2 (S.D.N.Y. Sept.15,1998) (Cote, D.J.) (applying collateral motion toll to one year period after AEDPA's enactment); *with e.g., Cole v. Kuhlmann*, 5 F.Supp.2d 212, 213–14 (S.D.N.Y.1998) (Rakoff, D.J.) (tolling provision in § 2244(d)(2) does not apply where the conviction became final before the AEDPA's effective date; *Cole* however, was decided under the *Peterson v. Demskie* "reasonable time" doctrine before the 2d Cir.'s *Ross* decision).

preted in the context of these cases, requires North Carolina to provide free counsel for indigent defendants seeking to take discretionary appeals to the [highest state court], or to file petitions for certiorari in this Court.

A. *The North Carolina appellate system, as are the appellate systems of almost half the States, is multitiered, providing for both an intermediate [appellate court] and a [highest state appeals court]* ....

. . . . .

Thus North Carolina has followed the mandate of *Douglas v. California,* and authorized appointment of counsel for a convicted defendant appealing to the intermediate [appellate court], but has not gone beyond *Douglas* to provide for appointment of counsel for a defendant who seeks either discretionary review in the [highest state appeals court] or a writ of certiorari here.

B. The facts show that respondent, in connection with his Mecklenburg County conviction, received the benefit of counsel in examining the record of his trial and in preparing an appellate brief on his behalf for the state [intermediate appellate court]. Thus, prior to his seeking discretionary review in the State [highest appeals court], his claims had "once been presented by a lawyer and passed upon by an appellate court." We do not believe that it can be said, therefore, that a defendant in respondent's circumstances is denied meaningful access to the [highest state appeals court] simply because the State does not appoint counsel to aid him in seeking review in that court. At that stage he will have, at the very least, a transcript or other record of trial proceedings, a brief on his behalf in the [intermediate state appellate court] setting forth his claims of error, and in many cases an opinion by the [intermediate state appellate court] disposing of his case. These materials, supplemented by whatever submission respondent may make pro se,

would appear to provide the [highest state appeals court] with an adequate basis for its decision to grant or deny review.

*We are fortified in this conclusion by our understanding of the function served by discretionary review in the [highest state appeals court]. The critical issue in that court. as we perceive it, is not whether there has been "a correct adjudication of guilt" in every individual case, but rather whether "the subject matter of the appeal has significant public interest," whether "the cause involves legal principles of major significance to the jurisprudence of the State," or whether the decision below is in probable conflict with a decision of the [highest state appeals court].* The [highest state appeals court] may deny certiorari even though it believes that the decision of the [intermediate state appellate court] was incorrect, since a decision which appears incorrect may nevertheless fail to satisfy any of the criteria discussed above. Once a defendant's claims of error are organized and presented in a lawyerlike fashion to the [intermediate state appellate court], the justices of the [highest state appeals court] who make the decision to grant or deny discretionary review should be able to ascertain whether his case satisfies the standards established by the legislature for such review.

*Id.* at 610–15, 94 S.Ct. at 2444–46 (emphasis added, citations & fns. omitted); *see also e.g., Coleman v. Thompson* 501 U.S. 722, 756–57, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640 (1991) ("In *Ross v. Moffitt* ... and *Pennsylvania v. Finley* ... we declined to extend the right to counsel beyond the first appeal of a criminal conviction.... Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold that [petitioner] had a right to counsel to appeal a state collateral determination of his claims of trial error.");

*Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, ... and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."); *Evitts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 834–35, 83 L.Ed.2d 821 (1985) ("This right to counsel is limited to the first appeal as of right," citing *Ross v. Moffitt* ); *Wainwright v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982) (Since "a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals ..., he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for leave to appeal to the highest state court] timely."); *United States ex rel. Cadogan v. LaVallee,* 502 F.2d 824, 827 (2d Cir.1974) ("[C]ounsel's failure to advise him of that right [to seek permissive review by the state's highest court] would not, in our view, amount to a deprivation of constitutional magnitude. *See Ross v. Moffitt,* ... where the Supreme Court recently held that an indigent defendant is not entitled under the Constitution to appointment of counsel for the purpose of pursuing discretionary review of his state court conviction by the state's highest court after he had obtained review as a matter of right by the state's intermediate appellate court, which had affirmed his conviction.").[4]

Like the North Carolina court system discussed in *Ross v. Moffitt,* criminal convictions in New York are appealable as of right to an intermediate appellate court (the Appellate Division). N.Y. CPL § 450–10. New York law provides for an appeal of right to the New York Court of Appeals only in death penalty cases; otherwise, the New York Court of Appeals retains the discretionary authority to grant leave to appeal. N.Y. Const. Art. VI, § 3(b); N.Y. C.P.L. §§ 450.70, 450.80, 450.90, 460.20; *see also, e.g.,* Peter Preiser, Practice Commentaries to N.Y. C.P.L. § 450.90 (McKinney's 1993), at pp. 738–39: ("[E]xcept for appeals involving a judgment of death ..., there is no automatic right to appeal to the Court of Appeals. The prospective appellant must obtain permission for the appeal from a judge of the Court, or from a justice of the Appellate Division department that decided the intermediate appeal. This is called a certificate granting leave to appeal, which must be accompanied by a certification of the judge or justice granting it that 'the case involves a question of law that ought to be reviewed by the Court of Appeals'... Apart from death penalty cases, the Court's scope of review is limited by the state constitution to review of questions of law.").

▮ Veras argues that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of appellate counsel because his attorney failed to advance two claims, previously asserted in the First Department, when seeking leave to appeal to the New York Court of Appeals. Under New York law, Veras's application for leave to appeal to the New York Court of Appeals was a discretionary appeal, not an appeal of right. Since Veras had no federal Constitutional right to counsel for his discretionary appeal to the

---

4. Although the Fourteenth Amendment does not require the appointment of counsel for discretionary criminal appeals, states are not prohibited from doing so as a matter of legislative policy. *See, e.g., Ross v. Moffitt,* 417 U.S. at 618, 94 S.Ct. at 2447 ("We do not mean by this opinion to in any way discourage those States which have, as a matter of legislative choice, made counsel available to convicted defendants at all stages of judicial review. Some States ... might well choose to do so as a matter of legislative policy ..."). Here, Veras's appointed appellate counsel continued to represent him in seeking leave to appeal to the New York Court of Appeals.

New York Court of Appeals, counsel's alleged ineffectiveness on such an appeal does not violate any federal Constitutional right to counsel (*i.e.,* only where the federal Constitution mandates appointment of counsel does counsel's ineffectiveness deprive a criminal defendant of Constitutional rights). For example, in *Garcia v. Keane,* 973 F.Supp. 364 (S.D.N.Y.1997), the late Judge Lowe rejected the identical claim to that raised here by Veras, stating:

> Petitioner asserts a claim for ineffective assistance of appellate counsel. On direct [state] appeal, Petitioner raised two claims, the Due Process Claim and the Jury Charge Claim. In seeking leave to appeal to the [New York] Court of Appeals, however, Petitioner's counsel failed to raise the Due Process Claim. Petitioner argues that this failure precluded him from obtaining review from New York's highest court. . . .
>
> New York criminal procedure law provides for an appeal of right to the highest court, the New York State Court of Appeals, only in death penalty cases. In all other criminal matters, the Court of Appeals retains discretionary authority to grant leave to appeal. *The Supreme Court has held that there is no constitutional right to counsel to pursue discretionary appeals. [Citing Ross v. Moffitt.] Consequently, a defendant cannot receive ineffective assistance of appellate counsel where no constitutional right to such counsel exists. [Citing Wainwright v. Torna.] The failure of counsel to file an application for leave for discretionary appeal or to include every permissible claim in such an application does not give rise to an ineffective assistance claim.* Petitioner had no constitutional right to counsel to seek leave for discretionary appeal to the Court of Appeals. Accordingly, Petitioner's claim for ineffective assistance of appellate counsel fails on the merits.

*Garcia v. Keane,* 973 F.Supp. at 371–72 (emphasis added & citations omitted); *see also, e.g., Coleman v. Thompson,* 501 U.S. at 757, 111 S.Ct. at 2568 ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."); *Evitts v. Lucey,* 469 U.S. at 396 n. 7, 105 S.Ct. at 836 n. 7 ("the right to effective assistance of counsel is dependent on the right to counsel itself," citing *Wainwright v. Torna* ); *Wainwright v. Torna,* 455 U.S. at 587–88, 102 S.Ct. at 1301 ("Since respondent had no constitutional right to counsel [for his discretionary appeal to the state's highest appellate court], he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely."); *Gomez v. State of New Mexico,* 937 F.2d 616 (table), 1991 WL 132445 at *1 (10th Cir.1991) ("Given that a criminal defendant has no right to counsel beyond his first appeal, 'any attorney error that led to the default of [petitioner's] claims in state court [at the discretionary appeal level] cannot constitute cause to excuse the default in federal habeas.' "), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 977, 117 L.Ed.2d 141 (1992); *Buelow v. Dickey,* 847 F.2d 420, 426 (7th Cir.1988) ("there is no right to competent counsel in a discretionary appeal such as [petitioners] appeal to the state supreme court. The constitutional right to counsel is guaranteed to a defendant both for trial and for the first appeal as of right. That appellate-level right to counsel also comprehends the right to effective assistance of counsel. However, there is no constitutional right to counsel to pursue discretionary state appeals. The Supreme Court has stated summarily: 'Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application [for review to the state supreme court] timely.' Thus [petitioners] cannot claim a constitutional deprivation of effective representation.") (citations omitted); *Hence v. Smith,* 37 F.Supp.2d 970, 979–80 (E.D.Mich.1999) ("Because petitioner had no constitutional

right to the assistance of counsel in his post-conviction proceedings, his claim that his attorney was ineffective in representing him in his post-conviction motion and appeal in Michigan does not entitle him to [federal habeas] relief from this Court."); *Jackson v. Cambra,* No. C 97–3020, 1998 WL 917537 at *6 (N.D.Cal. Dec.30, 1998) ("There is no constitutional right to counsel to pursue a discretionary appeal in the Supreme Court of California or to pursue certiorari review in the Supreme Court of the United States.... And where no constitutional right to counsel exists, there can be no claim for ineffective assistance."); *United States ex rel. O'Banner v. Hartwig,* No. 96 C 2062, 1996 WL 680237 at *4 (N.D.Ill. Nov.21, 1996) ("There is no constitutional right to counsel in discretionary appeals. .... Furthermore, the right to effective assistance of counsel is dependent on the right to counsel itself.... There is no constitutional right to counsel during such collateral proceedings thus the claim of ineffective assistance of counsel in this case does not amount to a basis for habeas relief."); *Stewart v. Hanslmaier,* No. 95 CV 0790, 1996 WL 449285 at *3 (E.D.N.Y. July 29, 1996) (Sifton, D.J.) ("Since the petitioner 'does not have a constitutional right to counsel to pursue discretionary state appeals ... he could not be deprived of the effective assistance of counsel' by his retained counsel's decision not to pursue certain arguments."); *Lotwich v. Neubert,* No. Civ. 90–4689, 1991 WL 167025 at *6 (D.N.J. Aug.23, 1991) ("In the instant case, the alleged attorney error occurred after petitioner lost his first direct appeal to the Appellate Division. Under the rulings [in] *Ross* and *Finley,* petitioner has no constitutional right to an attorney in discretionary appeals, such as petitions for certification to the New Jersey Supreme Court, or in subsequent proceedings, such as state habeas proceedings. Therefore, petitioner cannot invoke an ineffective assistance of counsel claim as cause for his procedural default."); *Motti v. Coombe,* 84 Civ. 3580, 1986 WL 3791 at *2 (S.D.N.Y. March 27,

1986) (since an appeal to the New York Court of Appeals "would be discretionary, [habeas petitioner] was not denied effective assistance of counsel" where appellate counsel did not seek leave to appeal); *Bullock v. Warden, Auburn Correctional Facility,* 575 F.Supp. 681, 684 (S.D.N.Y. 1983) (Sprizzo, D.J.) ("In *Wainwright v. Torna,* the Supreme Court held that the failure of counsel to apply for leave to undertake a discretionary appeal does not constitute ineffective assistance of counse@l. Since that is the only claim raised here, this petition must be dismissed.") (citations omitted).

Veras's ineffective assistance of counsel claim lacks merit and should be denied.

### III. *VERAS'S SENTENCING CLAIM SHOULD BE DENIED BECAUSE IT WAS DISMISSED IN STATE COURT ON AN ADEQUATE AND INDEPENDENT STATE GROUND*

Veras's second habeas ground alleges due process violations in connection with his sentencing. (Pet.¶ 12(B).) Veras raised sentencing claims on direct appeal to the First Department, which found "no merit" in the sentencing claim. *People v. Veras,* 175 A.D.2d 710, 712, 572 N.Y.S.2d 912, 913 (1st Dep't 1991). Veras's application for leave to appeal did not raise the sentencing issue. (*See* Killian Aff. ¶ 7 & Ex. 4.) The state trial court rejected Veras's subsequent CPL § 440 collateral attacks on sentencing on state procedural grounds, because the issue had been raised on direct appeal. (Killian Aff. ¶ 11; *see* Killian Aff. Ex. 10: 10/20/97 Veras Coram Nobis Aff. ¶ 11; Pet. ¶ 12(A) at p. 5a.)

The Supreme Court has made clear that the "adequate and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that

failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) (citations omitted); *accord, e.g., Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546,2557, 115 L.Ed.2d 640 (1991); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir.1997); *Glenn v. Bartlett,* 98 F.3d 721, 724 (2d Cir.1996), *cert. denied,* 520 U.S. 1108, 117 S.Ct. 1116, 137 L.Ed.2d 317 (1997); *Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990); *Torres v. Irvin,* 33 F.Supp.2d 257, 273–74 (S.D.N.Y.1998) (Cote, D.J. & Peck, M.J.); *Williams v. Bennet,* 97 Civ. 1628, 1998 WL 236222 at *6 (S.D.N.Y. April 20, 1998) (Baer, D.J. & Peck, M.J.); *Vera v. Hanslmaier,* 928 F.Supp. 278, 285 (S.D.N.Y.1996) (Jones, D.J. & Peck, M.J.); *Liner v. Keane,* 95 Civ. 2738, 1996 WL 33990 at *7 (S.D.N.Y. Jan.3, 1996) (Wood, D.J. & Peck, M.J.).

■ The state trial court rejected Veras's CPL § 440 motion as to sentencing issues because CPL § 440.10(2)(a) requires denial of such a motion when the issue had been raised on direct appeal. (*See* Killian Aff. ¶ 11.) The cases hold that CPL § 440.10(2)(A) is an "adequate and independent" state procedural ground barring federal habeas review. *See e.g., Dorsey v. Irvin,* 56 F.3d 425, 426 (2d Cir.1995); *Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 126 (2d Cir.1995) (§ 440.10(2)(c) is adequate and independent state ground); *Ramos v. Costello,* 96 Civ. 3659, 1997 WL 231129 at *2 (S.D.N.Y. May 7, 1997) ("The procedural ground on which the state court denied his § 440.10 motion"—"namely, that they were barred by a New York rule precluding claims that could have been raised on direct appeal but were not"—"is an independent and adequate state ground that prevents him from asserting those claims in a federal habeas corpus proceeding absent cause and prejudice."); *Flowers v. Irvine,* No. 94–CV–2240, 1995 WL 669913 at *4 (E.D.N.Y. Oct.31, 1995) ("The state court dismissed his claim as 'procedurally defec-

tive' because he could have argued this claim previously on direct appeal to the Appellate Division ... and did not. The decision of the state court in this case clearly rested on state law."); *Sykes v. Scully,* No. 90 CV 4302, 1992 WL 151896 at *2 (E.D.N.Y. June 16, 1992) (" §§ 440.10(2)(a) and 440.20(2) mandate that such claims are barred from review. This court therefore treats such claims as exhausted and procedurally barred under state law ..."); *Esquilin v. Walker,* No. CV–91–4608, 1992 WL 151903 at *3 (E.D.N.Y. June 16, 1992) ("Collateral review is barred since the claim was raised on direct appeal to the Appellate Division. N.Y. CPL § 440.10(2)(a) (collateral review unavailable for claims raised on direct appeal). .... Therefore, the claim of prosecutorial misconduct must be denied as barred by an independent and adequate state procedural ground."), *aff'd,* 990 F.2d 624 (2d Cir.1993).

Because there is an adequate and independent state ground for the state trial court's decision on Veras's due process sentencing issue, Veras would have to show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2565; *accord e.g., Torres v. Irvin,* 1998 WL 824527 at *18.

■ Liberally read, Veras's only attempt to show cause is that his appellate counsel did not raise the issue originally in the Court of Appeals. (*See* Pet. ¶ 12(A) at p. 5a.) Counsel's failure to raise the issue in the New York Court of Appeals, however, is not "cause." *See, e.g., Coleman v. Thompson,* 501 U.S. at 757, 111 S.Ct. at 2568 ("Because [petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas."); *Williams v. Chrans,* 945 F.2d 926, 932 (7th Cir.1991) ("Ineffective assistance of counsel 'supplies

"cause" only when the Constitution requires the state to assure adequate legal assistance.' There is no constitutional right to the assistance of counsel in a state collateral proceeding. Therefore, any ineffective assistance by [petitioner's] counsel does not provide cause to excuse [petitioner's] procedural default.") (citations omitted), *cert. denied,* 505 U.S. 1208, 112 S.Ct. 3002, 120 L.Ed.2d 877 (1992); *Johnson v. Singletary,* 938 F.2d 1166, 1175 (11th Cir. 1991) ("Thus, because [petitioner] had no constitutional right to counsel during his post-conviction proceedings, his attorneys' errors during those proceedings cannot constitute cause to excuse his procedural default."), *cert. denied,* 506 U.S. 930, 113 S.Ct. 361, 121 L.Ed.2d 274 (1992); *see also* cases cited at pages 12–14 above.

■ This issue can also be looked at in another way. Veras raised his sentencing claims on direct appeal to the First Department, which found "no merit" to the claim. *People v. Veras,* 175 A.D.2d at 712, 572 N.Y.S.2d at 913. Veras, however, did not raise the claim in the New York Court of Appeals. (*See* Killian Aff. ¶ 7 & Ex. 4.) Veras's failure to raise the claim in seeking leave to appeal to the Court of Appeals itself was a procedural default barring the claim from federal habeas review absent cause and prejudice (not here present). *See, e.g., Jordan v. Lefevre,* 22 F.Supp.2d 259, 261–62, 266–69 (S.D.N.Y.1998) (Mukasey, D.J. & Peck, M.J.), and cases cited therein.

Veras's due process sentencing claim is barred from federal habeas review.

### *CONCLUSION*

For the reasons set forth above, the Court should deny Veras's petition for a writ of habeas corpus.

### *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Harold Baer, Jr., 500 Pearl Street, Room 2230, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Baer. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

March 15, 1999.