COBB, Judge.
John McCurry appeals his conviction for attempted murder. He argues that there was a fatal variance between the indictment and the proof presented at trial. The trial court denied his motions for a judgment of acquittal made on this ground.
The indictment charged the following:
“John McCurry ... did, with intent to commit the crime of murder, (Section 13A-6-2 of the Alabama Criminal Code), attempt to intentionally cause the death of another person, Rose M. Hill, by shooting at her with a pistol, in violation of Section 13A-4-2 of the Alabama Criminal Code, against the peace and dignity of the State of Alabama.”
C.R.8.
The evidence presented at trial was as follows. On August 27, 1997, a confrontation occurred among several men in the Walker County community of Sayre. A fight involving several members of the community occurred when McCurry saw an automobile he had sold to Brian Sloan parked in the yard of Brenda Sloan, who was Brian Sloan’s sister. McCurry attempted to take the automobile, but Brenda Sloan refused to give him the keys: she stated that he would have to wait until Brian returned from a fishing trip and discuss the matter with him. After several men became involved, Billy Gene Hill, the victim’s husband, fired his pistol into the air two or three times in an attempt to calm the situation. Mr. Hill was promptly attacked by several men, including McCur-ry. In the scuffle the gun discharged two or three times. Mr. Hill testified that he clicked the clip out of the pistol to prevent its discharging again. At some point Mr. Hill dropped the gun on the ground and when the scuffle was over, McCurry emerged with the pistol. McCurry and B.J. Mueller began walking away from the scene and were in front of Deanne Black-mon’s house when Mrs. Hill appeared a short distance behind them, screaming for Ms. Blackmon to summon an ambulance to aid her husband. Conflicting evidence was presented as to what transpired next.
Mrs. Hill testified that B.J. Mueller told McCurry to shoot “the bitch,” because she would not stop running her “F-ing mouth.” R. 60. McCurry, who was about five feet from Hill, turned to face Hill, raised the gun and “was trying to pull the trigger .... He was squeezing the trigger but it didn’t go off.” R. 61. Hill screamed and ran behind a car. McCurry “was beating the gun on his hand” trying to “get it to go off.” R. 61.
Ms. Blackmon testified as follows.
“B.J. told Mr. McCurry to shoot the F-ing B, that she wasn’t good for noth *991 ing but running her mouth. And [McCurry] turned around and he pointed the gun at Rosie and it didn’t go off. But Rosie seen it and ducked and screamed and covered her head. Mr. McCurry turned back around and started back down the road again, he was still leaving, and B.J. told him the same thing again. And he turned back around and done it again. And Rosie run in behind a car that was there. And the gun still didn’t fire. And it happened one more time and the gun still didn’t fire. And the guys walked up the road.”
R. 122-23. Blackmon stated that she could not say for sure that McCurry was pulling the trigger when he pointed the gun at Mrs. Hill, but she assumed that he did “because after I assumed he pulled the trigger ... [h]e hit the bottom of the gun on his hand.” R. 125.
Following the incident, McCurry took the pistol to his sister, Samantha Fortenberry, who was staying at Linda Mueller’s house. Fortenberry testified that when she grabbed the gun it fired, and a bullet went through the palm of her hand.
“ ‘In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust.’
“Powe v. State, 597 So.2d 721, 724 (Ala.1991) (citations omitted).”
Wells v. State, [Ms. CR-97-2104, June 18, 1999] - So.2d -, - (Ala.Cr.App.1999).
In support of his contention that a fatal variance existed between the indictment and the proof presented at trial, McCurry argued at trial and on appeal that the words “shooting at” in the indictment require the discharge of a projectile and that in the instant case, the evidence is undisputed that the pistol did not discharge when he pointed at Mrs. Hill. Thus, according to McCurry, the State did not prove that McCurry “shot at” Mrs. Hill as the indictment charged.
Without parsing the various definitions of “shoot” or “at,” we find that sufficient evidence was presented to convict McCurry of attempting to intentionally cause the death of Mrs. Hill by “shooting at” her with a pistol as charged in the indictment.
“ ‘ “In Alabama a person commits the crime of attempt to murder if he intends to cause the death of another person and does any overt act towards the commission of that intent. Alabama Code 1975, Sections 13A-4-2 (the attempt statute), and 13A-6-2 (murder).”. Chaney v. State, 417 So.2d 625, 626-27 (Ala.Cr.App.1982). See also Barnes v. State, 571 So.2d 372, 374 (Ala.Cr.App.1990). “Attempted murder is a specific intent crime.... An attempt to commit murder requires the perpetrator to act with the specific intent to commit murder.... A general felonious intent is not sufficient.” Free v. State, 455 So.2d 137, 147 (Ala.Cr.App.1984).’
“Minshew v. State, 594 So.2d 703, 704 (Ala.Cr.App.1991).”
Wells, - So.2d at - (emphasis added). The testimony of Mrs. Hill and Ms. Black-mon, if believed by the jury, established that McCurry was doing his best to shoot at Mrs. Hill. This action by McCurry was certainly an overt act toward intentionally shooting Mrs. Hill.
*992 ‘ “While proof of the intent to murder is an element of the burden of proof resting on the state, this intent is not susceptible of positive proof, but rests in inference to be drawn by the jury from all the evidence in the case.” ’ [Minshew v. State, 594 So.2d 703] at 708 [ (Ala.Cr.App.1991) ], quoting Williams v. State, 13 Ala.App. 133, 137, 69 So. 376, 377 (1915). Intent may be presumed from the use of a deadly weapon, the character of the assault, and other attendant circumstances surrounding the assault. Chaney v. State, 417 So.2d 625 (Ala.Cr.App.1982). Furthermore, ‘[t]he question of intent in an attempt case “belong[s] exclusively to the jury to decide.” ’ Minshew, 594 So.2d at 708, quoting United States v. Quincy, 31 U.S. (6 Pet.) 445, 8 L.Ed. 458 (1832).”
Wells, - So.2d at -.
Moreover, we agree with the State, which provided citations from Alabama and other jurisdictions, illustrating that the words “shoot at” or “shot at” are often used to describe the act of attempting to fire a pistol, even when the pistol does not discharge. The State cites the following cases in its brief to the court:
“(1) ‘The trooper attempted to return the fire but his gun misfired and appellant started running from the car into an open field. Trooper Minor fired at the fleeing felon again and this shot hit appellant and he fell.’ Medlar [v. State], 384 So.2d 1152, 1153 (Ala.Crim.App.1980).
“(2) ‘Simmons shot at Burleson again, but the gun misfired.’ Simmons v. State, 717 N.E.2d 635, 637 (Ind.Ct.App.1999).
“(3) ‘Ruiz shot Fred Botts in the neck and shot at Dennis but the gun misfired.’ People v. Perez, [258 Ill.App.3d 753,] 630 N.E.2d 918, 925 [ (1994) ].
“(4) ‘(D)efendant was charged with attempted murder after he shot at a person in the same room, even though the victim heard the clicks of “dry firing. ” ’ State v. Haman, No. A-91-658 (Neb.Ct.App.l993)[unpublished opinion].
“(5). ‘(T)he complaint testified that he managed to escape unharmed only because the first two shots at him misfired.’ People v. Veras, [175 A.D.2d 710,] 572 N.Y.S.2d 912, 912 [(1991)].
“(6) ‘He testified the victim had shot at him but the gun misfired.’ Smith v. State, [257 Ga. 468,] 360 S.E.2d 591, 592 [ (1987) ].
“(7) ‘Nickson, Sr., shot at Tucker, but the gun misfired.’ Ponthieux v. State, 532 So.2d 1239, 1242 (Miss.1988).”
State’s brief at pp. 6-7.
Looking at the evidence in a light most favorable to the State, as we are required to do, Grider v. State, 766 So.2d 189 (Ala.Cr.App.1999), we conclude that there was not a fatal variance between the indictment and the evidence presented at trial. Therefore, the trial court was correct in denying McCurry’s motions for a judgment of acquittal.
McCurry’s conviction for attempted murder is affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.